UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------X

DAVID FLOYD, *et al.*,

      *Plaintiffs-Appellees*,

-against-

THE CITY OF NEW YORK,

      *Defendant-Appellant.*

------------------------------------------------------X

Docket No. 13-3088

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS-APPELLEES' MOTION TO DISMISS

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400

CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
(212) 614-6439

COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000

# INTRODUCTION

It is fundamental that appellate jurisdiction is a necessary precondition to an appeal. Defendant-Appellant the City of New York (the "City") appeals from two orders of the United States District Court for the Southern District of New York, Scheindlin, J.: (1) an order finding the City liable for violating the Fourth and Fourteenth Amendment rights of Plaintiffs-Appellees, Dkt. # 22 (Civil Appeal Pre-Argument Statement, Form C) at 129-326 (the "Liability Order"); and (2) a second order requiring the parties to develop remedies with an Independent Monitor, a Facilitator, and a wide array of other stakeholders to address the constitutional infirmities identified by Judge Scheindlin in her liability opinion. Dkt. # 22 at 327-65 (the "Remedies Order"). The City concedes that these are not final orders under 28 U.S.C. § 1291. *See* Dkt. # 22 at 1. The City instead attempts to invoke appellate jurisdiction for interlocutory review of grants of injunctions, under 28 U.S.C. § 1292(a)(1). *Id.*; *see also* Dkt. # 44 at n.1. Fatal to the City's position is that no appealable injunction has issued. As the District Court held in denying the City's request for a stay of the Remedies Order pending appeal:

> [T]he only activity at this stage is discussion between the Monitor, the Facilitator, and the parties to develop the remedies described [ ]. No other specific relief is imminent, much less ordered. . . .
> . . .
>
> [T]he remedial phase of the case is ongoing and no final order has yet issued. . . . [I]mplementing remedies is a process – and a process that

1

is still in its earliest stages. It is unlikely that any orders will issue for several months.

*Floyd v. City of New York*, 08 Civ. 01034 (SAS), 2013 U.S. Dist. LEXIS 132881, *6-8 (S.D.N.Y. Sep. 17, 2013) ("Stay Op."). The City is not compelled by either the Liability or Remedies Order to do anything more than participate in the development of remedial proposals. *See id.* The Liability and Remedies Orders are "a classic example of non-finality and non-appealability from the time of Chief Justice Marshall to our own." *Taylor v. Brd. of Educ.*, 288 F.2d 600, 602 (2d Cir. 1961). The Liability and Remedies Orders are therefore not appealable, and this Court's appellate jurisdiction does not extend to them. For these reasons, and the reasons stated more fully herein, Plaintiffs-Appellees respectfully ask this Court to dismiss the City's appeal in its entirety.

## BACKGROUND

### 1. The Liability and Remedies Orders

A bench trial of this action was held from March 18, 2013 to May 20, 2013. Borchetta Decl. ¶ 4. Over one-hundred witnesses testified, generating a trial record of approximately 8100 pages. Borchetta Decl. ¶ 5. Approximately 400 exhibits were admitted into evidence. Borchetta Decl. ¶ 6. On June 12, 2013, two weeks after the close of evidence, the parties submitted Proposed Findings of Fact and Conclusions of Law and Post-Trial Briefs. Borchetta Decl. ¶ 7. On August 12,

2

2013, the District Court issued the Liability and Remedies Orders. *See* Dkt. # 22 (Liability and Remedies Orders).

The Liability Order is almost two-hundred pages long and includes a detailed review of the evidence that incorporates findings of fact from both parties and an extensive discussion of Second Circuit and Supreme Court precedent. Dkt. # 22 (Liability Order). The District Court found that the City's stop and frisk policies and practices resulted in widespread stops of blacks and Hispanics without reasonable suspicion and on the basis of race, in violation of the plaintiffs' Fourth and Fourteenth Amendment rights. *Id.*

The Remedies Order outlines relief to be afforded, appoints an Independent Monitor to oversee the development and implementation of remedies, and provides for a Facilitator to oversee a collaborative process to further augment proposed remedies with input from members of the communities most affected by the unconstitutional policy and other stakeholders. Dkt. # 22 (Remedies Order). The Remedies Order commands two categories of steps in the process of developing remedies. First, the parties are to work with the Independent Monitor to develop and propose reforms to be "submitted to the [c]ourt as soon as practicable, and implemented when they are approved" by the court. Dkt. # 22 (Remedies Order at 14) (the "Immediate Reforms"). Second, the parties are to supplement the Immediate Reforms by participating, over the course of six-to-nine months, in a

facilitated process allowing for public comment, and the proposed reforms resulting from that process will then be implemented "once approved by the [c]ourt." Dkt. # 22 (Remedies Order at 30-31) (the "Joint Remedial Process"). Although the District Court identified the first category of reforms as "immediate," as the Court stated in its Opinion and Order denying the City's motion for a stay pending appeal, "this merely prioritized relief that should be implemented at the earliest practicable time, as opposed to longer-range relief, which will not be implemented until after the completion of the Joint Remedial Process." *Floyd* (Stay Op.), 2013 U.S. Dist. LEXIS 132881 at *8.

As the District Court held, "the remedial phase of the case is ongoing and no final order has yet issued." *Floyd* (Stay Op.), 2013 U.S. Dist. LEXIS 132881 at 8. The process of developing remedies "is still in its earliest stages" and "[i]t is unlikely that any orders will issue for several months." *Floyd* (Stay Op.), 2013 U.S. Dist. LEXIS 132881 at *8.

On August 16, 2013, the City noticed its appeal from the Liability and Remedies Orders. Dkt. # 22 at 4.[1]

---

[1] In its Civil Appeal Pre-Argument Statement, the City proposes questions that attempt to sweep into this putative appeal review of two other orders from the District Court: (1) an order granting class certification; and (2) an order denying in part the City's motion to preclude or limit the testimony of Professor Jeffrey Fagan, the plaintiffs' expert witness. Dkt. # 22 at Addendum B. The City failed to mention either of these orders in its notice of appeal. Dkt. # 22 at 4. As a result,

4

## 2. Statement Pursuant to Local Rule 27.1

On September 23, 2013, Plaintiffs-Appellees contacted the City and advised of their intent to move to dismiss the appeal. Borchetta Decl. ¶ 3. The City represented that it intends to submit an opposition. *Id.*

## ARGUMENT

The Liability and Remedies Orders are reviewable only if they constitute either a "final order" under 28 U.S.C. § 1291, or an injunction under 28 U.S.C. § 1292(a)(1). As demonstrated below, they constitute neither, and this appeal must accordingly be dismissed for lack of appellate jurisdiction.

## 1. There is no Appellate Jurisdiction under 28 U.S.C. § 1291

Pursuant to 28 U.S.C. § 1291, a party may appeal any "final order." For purposes of this jurisdictional statute, a "final order" is one that "leaves nothing for the court to do but execute the judgment." *Leftridge v. Conn. State Trooper Officer # 1283*, 640 F.3d 62, 66 (2d Cir. 2011) (quotations omitted); *Henrietta D. v. Guiliani*, 246 F.3d 176 (2d Cir. 2001) (same). Finality is the benchmark of

---

this Court lacks jurisdiction to review them. *See Doe v. Republic of Poland*, 12-3795-CV, 2013 WL 4504640 (2d Cir. Aug. 26, 2013) (summary order) (*citing Gonzalez v. Thaler*, —— U.S. ——,132 S.Ct. 641, 651 - 52 (2012)); *New Phone Co. v. City of New York,* 498 F.3d 127, 130 (2d Cir. 2007). *See also, City of Newburgh v. Sarna*, 406 F. App'x 557, 558 (2d Cir. 2011) (summary order); *Rosendale v. Mahoney*, 496 F. App'x 120, 121 (2d Cir. 2012) (summary order); *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 256 (2d Cir.1995).

appealability; orders are not considered final and appealable even after liability is determined if proceedings in the district court continue:

> An order adjudging liability but leaving the quantum or relief still to be determined has been a classic example of non-finality and non-appeallability from the time of Chief Justice Marshall to our own, . . . although in all such cases, as here, this subjects the defendant to further proceedings in the court of first instance that will have been uncalled for if the court's determination of liability is ultimately found to be wrong.

*Taylor v. Brd. of Educ.*, 288 F.2d 600, 602 (2d Cir. 1961) (Friendly, J.). A determination as to whether an order is final should be practical. *Leftridge*, 640 F.3d at 66 ("In determining whether a decision is final within the meaning of § 1291, we are to give that section a practical rather than a technical construction." (quotations omitted)).

As a practical matter, the Liability and Remedies Orders have not ended the litigation. Though the City has been found liable for violating the Fourth and Fourteenth Amendment rights of Plaintiffs-Appellees, the parties are engaging in a process to develop remedies that is "in its initial stages," will be implemented only after the District Court issues further orders (*see* Remedies Order at 12), and "no final order has yet issued." *Floyd* (Stay Op.), 2013 U.S. Dist. LEXIS 132881, at *8. This Court therefore does not have jurisdiction under 28 U.S.C. § 1291. Indeed, the City does not suggest otherwise. *See* Dkt. # 22 at 1.

6

## 2. There is no Appellate Jurisdiction under 28 U.S.C. § 1292(a)(1)

Nor does this Court have jurisdiction under 28 U.S.C. § 1292(a)(1). Under that statute, an appeal lies from interlocutory orders that grant injunctions. This is a narrow exception to the bedrock principle, embodied in § 1291, that orders must be final to be appealed. *Henrietta D.* 246 F.3d at 181. "Injunctions," for purposes of this statute, mean orders that provide at least in part the "coercive relief sought by the moving party." *Id.*, 246 F.3d at 182. Because the Liability Order is a declaratory judgment that compelled nothing, it is not an appealable injunction. *See Henrietta D.*, 246 F.3d at 180.

As for the Remedies Order, this Court clearly established more than fifty years ago in *Taylor v. Board of Education* that an order to submit a remedial proposal is not an appealable injunction. In that case, the district court entered findings of fact and conclusions of law holding a municipality liable for violating the plaintiffs' constitutional rights, and directed the municipality to submit a proposal for remedies. *Id.*, 288 F.2d at 601. Writing the majority opinion that dismissed the appeal, Judge Henry Friendly characterized the directive to submit a remedial proposal as "a command that relates merely to the taking of a step in a judicial proceeding" which "is not generally regarded as a mandatory injunction." *Id.* at 604-06.

7

In the decades since *Taylor*, this Court has repeatedly affirmed and reiterated its central holding. In *Spates v. Manson*, 619 F.2d 204 (2d Cir 1980), for example, the district court entered summary judgment in the plaintiffs' favor and ordered the defendants to submit proposed remedies. Like here, the district court opined as to some specific changes that needed to be included in those proposals. *Id.* at 207-208. This Court held the order was not an appealable injunction because "[t]he order neither prohibited nor required anything other than the submission of a plan." *Id.* at 210. In *Henrietta D.*, a district judge entered an order following a bench trial finding a city liable for constitutional violations and, in a section entitled "remedies," the court directed a magistrate judge to monitor compliance with the liability order. 246 F.3d at 179. At oral argument on the appeal, this Court *sua sponte* inquired as to jurisdiction, and the parties represented that they had by that point drafted remedial measures that the magistrate judge was poised to so-order. *Id.* at 179-180. The Court then ordered briefing on the question of jurisdiction and thereafter held that, because the district court "le[ft] the measure of prospective relief for another day," the order was not appealable. *Id.* at 180.

Similarly, in *Bridgeport v. Bridgeport Guardians Inc.*, 05-2481-cv (L) & 05-2693-cv (con), 06-0727-cv, 2007 U.S. App. LEXIS 28662 (2d Cir. Dec. 11, 2007), this Court held that an order after a finding of liability that directed a municipality to submit a plan for police officer assignments that met specific requirements by a

8

date certain under penalty of fine was not an appealable injunction. In so holding, this Court emphasized that "[i]t is undisputed that no plan has, as yet, been formulated or approved by the district court." *Id.* at *4-5. It is therefore well established that orders directing the development of remedies within certain malleable parameters are not appealable injunctions.

The District Court here recognized that "[i]t takes time to fashion appropriate remedies" and, while "[t]he Remedies Opinion outlined the relief to be imposed," the development of remedies is "a process that is still in its earliest stages." *Floyd* (Stay Op.), 2013 U.S. Dist. LEXIS 132881, at *8. After first finding that bringing the City's stop and frisk practice into compliance with the Constitution "will require reforms to a number of NYPD policies and practices," and mindful that "[i]t would be unwise and impractical . . . to impose such reforms at this time," the District Court declined to immediately dictate the remedies. Dkt. # 22 (Remedies Order at 13-32).

The District Court instead directed a procedure for developing remedies that involves facilitated negotiation among the parties, the Independent Monitor, the Facilitator and other stakeholders, and the submission of joint-proposals, where agreement is reached, and separate proposals, where agreement is elusive. *Id.* The District Court then provided guidelines for the reforms that the proposals should include, but cautiously stopped far short of constraining the possibilities. *Id.*; *see*

9

*e.g. id.* at 24 ("In light of the complexity of the supervision, monitoring, and disciplinary reforms that will be required . . . it may be appropriate to incorporate these reforms into the Joint Remedial Process . . . [but] to the extent the Monitor can work with the parties to develop reforms that can be implemented immediately, the Monitor is encouraged" to do so).

The Remedies Order at issue on this putative appeal is therefore similar to the orders at issue in *Spates*, *Henrietta D.*, and *Bridgeport*: it directs participation in a process to design remedies within certain parameters, and leaves the measure of remedial relief subject to development. In so doing, the District Court "has chosen to follow a path well-worn by equity judges overseeing complex, institutional litigation: determine liability first, then ask the parties to propose remedial plans to the court." *Henrietta D.*, 246 F.3d at 182. The Remedies Order is therefore not an appealable injunction, and this Court should reject the City's attempt to appeal it.

Nor is this a situation where a district court has issued an order that substantially prescribes remedies but defers consideration of technical questions. *See Spates*, 619 F.2d at 209. What remains to be ordered with respect to remedies in this action is not a matter of mere technicalities. The District Court has directed a process for developing remedies, and the substance, form, and contours of the remedies themselves are not yet ordered. With "the nature and extent of the relief

10

to be afforded still [ ] unresolved," jurisdiction is absent. *Groseclose v. Dutton*, 788 F.2d 356, 360 (6th Cir. 1986) (explaining *Hoots v. Commonwealth of Pennsylvania*, 587 F.2d 1340, 1349 (3d Cir. 1978), and *Taylor*); *see also id.* ("Jurisdiction is lacking when important issues regarding the nature and extent of the relief to be afforded still remain to be resolved and are dependent on the particular circumstances of the case as it would develop in the proceedings subsequent to the entry of the order.").

While the issues presented in this case are undoubtedly of great public importance, that fact alone is no basis for overlooking the lack of appellate jurisdiction. Permitting this appeal to go forward under the circumstances of this case would violate the strong and long established policy against piecemeal appeals:

> There is a natural reluctance to dismiss an appeal in a case involving issues so important and so evocative of emotion as this, since such action is likely to be regarded as technical or procrastinating. . . . [W]e think more informed consideration would show that the balance of advantage lies in withholding such review until the proceedings in the District Court are completed. . . . We – and the Supreme Court, if the case should go there – can then consider the decision of the District Court, not in pieces but as a whole, not as an abstract declaration inviting the contest of one theory against another, but in the concrete.

*Taylor*, 288 F.2d at 605. Review of the Liability and Remedies Orders at this premature juncture will surely lead to piecemeal appeals. On this point, the City's inclusion in its Form C of its final proposed issue to be raised on appeal is

11

significant. There the City asks this Court to review whether the remedies in the appealed from orders were an improvident exercise of discretion. Dkt. # 22 at Addendum B ("7. Does the remedial order represent an improvident exercise of discretion? . . ."). Yet the measure of remedies is unknown. To answer the City's proposed question, this Court would have to abstractly consider and speculate about what remedies might be included in an order that has not yet issued. Once the District Court issues that anticipated order, the City will then undoubtedly appeal, and it will likely again pose *the exact same question.*

In its haste to appeal the merits of the District Court's finding of liability, the City plainly has sought appellate review too soon. This Court lacks jurisdiction to consider the Liability and Remedies orders, and the appeal must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs-Appellees respectfully request that this Court dismiss the City's appeal in its entirety.

Dated:  New York, New York
        September 24, 2013

Respectfully submitted,

*/s/ Jonathan C. Moore*

Jonathan C. Moore, Esq.
Jenn Rolnick Borchetta, Esq.
BELDOCK LEVINE & HOFFMAN LLP

Darius Charney, Esq.

12

Sunita Patel, Esq.
Chauniqua Young, Esq.
Baher Azmy, Esq.
CENTER FOR CONSTITUTIONAL RIGHTS

Eric Hellerman, Esq.
Kasey L. Martini, Esq.
Bruce Corey, Esq.
COVINGTON & BURLING LLP