IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

```
------------------------------------ X
DAVID FLOYD, et al.,                 :
           Plaintiff,                :
                                        Docket No. 13-3088
    -against-                        :
CITY OF NEW YORK, et al.,            :
           Defendant.                :
------------------------------------ X
```

MOTION OF SERGEANTS BENEVOLENT ASSOCATION
FOR LEAVE TO FILE A MEMORANDUM IN SUPPORT OF
DEFENDANTS-APPELLANTS' MOTION FOR A STAY

ANTHONY P. COLES
COURTNEY G. SALESKI
(seeking admission)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

*Counsel for Movants*
*Sergeants Benevolent Association*

## DISCLOSURE OF CORPORATE AFFILIATIONS AND
## FINANCIAL INTEREST

The Sergeants Benevolent Association (SBA) is a an independent municipal police union whose membership consists of approximately 13,000 active and retired sergeants of the NYPD. The SBA has no parent, subsidiaries, or affiliates that have issued shares or debt securities to the public.

        /s/
Anthony P. Coles

**INTRODUCTION**

The Sergeants Benevolent Association (SBA) hereby moves for leave to file a memorandum as amicus curiae[1] in support of defendants-appellants' motion for a stay of the District Court's injunctive order requiring the New York City Police Department to change its standards for conducting *Terry* stops "as soon as [is] practicable." The motion to stay was filed on September 23, 2013. Appellees' responses are due on October 5, 2013. A copy of the SBA's proposed memorandum is attached to this motion.

Plaintiffs-appellees and defendants-appellants have consented to the filing of this motion and the proposed memorandum.

**DISCUSSION**

The SBA is a an independent municipal police union whose membership consists of approximately 13,000 active and retired sergeants of the NYPD. The SBA is the collective bargaining unit for those sergeants in their contract negotiations with the City of New York (the "City"). NYPD police sergeants are at the front line of police services in the City. Among other things, a sergeant is responsible for supervising patrolmen and other subordinate officers, implementing policies of the NYPD on the street level. A sergeant is required to train, instruct, monitor, and advise subordinates in their duties, and is held directly responsible for the performance of those subordinates. In addition to supervisory responsibilities, a sergeant also routinely performs field police work, which typically consists of relatively complex law enforcement activities with which only sergeants are entrusted. Sergeants are also required to

---

[1] The SBA also has sought to intervene under Federal Rule of Civil Procedure 24 in this matter in the district court and filed a notice of appeal from the relevant orders. (ECF ## 387, 388); *see Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("We think the better practice is for such a nonparty to seek intervention for purposes of appeal . . . ."); *Drywall Tapers & Pointers of Greater New York, Local Union 1974 of I.U.P.A.T., AFL-CIO v. Nastasi & Associates Inc.*, 488 F.3d 88, 95 (2d Cir. 2007) ("Since Local 52 filed a notice of appeal within 30 days of the Order issuing the Consent Injunction, albeit at a time when it was not a party, its status as a party, if intervention is granted, should permit it to renew its appeal."). The SBA's motion to intervene was filed on September 11, 2013. Responsive filings are due on October 11, 2013.

prepare various law enforcement reports and are ultimately responsible for all paperwork in their units.

The SBA seeks to file a memorandum as amicus curiae to highlight points important to the consideration of irreparable harm—one of the factors that guides this Court's disposition of a motion for a stay—that do not stand out in the decisions below or in the appellees' moving papers. *See Selfridge v. Carey*, 660 F.2d 516 (2d Cir. 1981) (considering filing of amici curiae in determining a motion to stay a preliminary injunction). The District Court's erroneous application of constitutional law has resulted in substantial confusion among law enforcement officers in the field and has chilled legitimate law enforcement activity by sergeants and the officers that they supervise. These considerations weigh heavily in favor of granting the City's motion for a stay of the injunction entered by the district court in this case.

## CONCLUSION

For the foregoing reasons, the SBA respectfully requests that the Court grant the motion for leave to file the attached supporting memorandum.

Respectfully submitted,

_____/s/_____

ANTHONY P. COLES
COURTNEY G. SALESKI
(seeking admission)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

September 27, 2013

*Counsel for Movants*
*Sergeants Benevolent Association*

CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day of September, 2013, I caused the foregoing motion for leave to file memorandum in support of defendants-appellees' motion for a stay to be filed with the Court electronically by CM/ECF, causing counsel to be automatically served via the ECF system.

                                                                                                 _____/s/_____
                                                                                                  Anthony P. Coles