**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

---------------------------------------------------------------- x

DAVID FLOYD, et al.,             :

                                 :

             Plaintiffs-Appellees,     :

                                 :  Docket No. 13-3088

             - against -         :

                                 :

CITY OF NEW YORK, et al.,       :

                                 :

             Defendant-Appellant.   :

---------------------------------------------------------------- x

<br>

**MEMORANDUM OF LAW OF**
**THE PATROLMEN'S BENEVOLENT ASSOCIATION,**
**THE DETECTIVES ENDOWMENT ASSOCIATION,**
**THE LIEUTENANTS BENEVOLENT ASSOCIATION, AND**
**THE CAPTAINS' ENDOWMENT ASSOCIATION**
**IN SUPPORT OF A MOTION FOR LEAVE TO FILE**
**AN *AMICI CURIAE* MEMORANDUM IN SUPPORT OF**
<u>**DEFENDANT-APPELLANT'S MOTION FOR STAY**</u>

<br><br>

DECHERT LLP

Steven A. Engel
Edward A. McDonald
James M. McGuire
Elisa T. Wiygul
1095 Avenue of the Americas
New York, New York  10036
T: (212) 698-3693
F: (212) 698-3599
steven.engel@dechert.com

Pursuant to Federal Rules of Appellate Procedure 27 and 29, the Patrolmen's Benevolent Association of the City of New York, Inc. ("PBA"), the Detectives Endowment Association, Police Department, City of New York, Inc. ("DEA"), the Lieutenants Benevolent Association of the City of New York, Inc. ("LBA"), and the Captains' Endowment Association of New York, Inc. ("CEA," and collectively, the "Police Unions") respectfully submit this memorandum in support of their motion for leave to file an *amici curiae* memorandum in support of the motion of Defendant-Appellant City of New York (the "City") for a stay pending appeal.

The Federal Rules of Appellate Procedure do not specifically address the filing of memoranda by *amici curiae* in support of F.R.A.P. 27 motions.  However, this Court, and other Courts of Appeals, have the discretion to accept such briefs by applying the standards of F.R.A.P. 29.  *See, e.g.*, *Selfridge v. Carey*, 660 F.2d 516, 516 (2d Cir. 1981) (per curiam) (court consider amicus submissions in ruling on motion for a stay); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 430 & n.1 (5th Cir. 2001) (same); *James River Flood Control Ass'n v. Watt*, 680 F.2d 543, 544 & n.1 (8th Cir. 1982) (same).  All parties have consented to this filing.

1

## STATEMENT OF INTEREST

The Police Unions collectively represent the interests of more than 29,000 of the 35,000 active members of the New York Police Department ("NYPD"). Declaration of Joseph Alejandro ("Alejandro Decl.") ¶ 6, Ex. A to the Declaration of Steven A. Engel, Esq. ("Engel Decl."). The Unions represent the police officers who performed the stops and completed the paperwork that constituted the principal evidentiary source for the district court's conclusions, and whose day-to-day activities would be directly affected by the remedies ordered below. The Police Unions therefore believe that they can provide an important and distinct perspective on the matters at issue that will be of use to the Court in considering the City's stay request.

The members of the Police Unions are at the front line of police services in the City. Police officers have the power and the duty to "preserve the public peace, prevent crime, detect and arrest offenders, suppress [public unrest] . . . ; protect the rights of persons and property, guard the public health . . . ; enforce and prevent the violation of all laws and ordinances in force in the city; and for these purposes to arrest all persons guilty of violating any law or ordinance for the suppression or punishment of crimes or offenses." N.Y. City Charter § 435. While on duty, a police officer is aware of, and inspects, his or her post or sector for conditions requiring police attention, and renders all necessary police service in his or her

2

assigned area and as directed.  Alejandro Decl. ¶ 16.  Against a backdrop of approximately 7,000 fewer uniformed officers in the NYPD, police officers have taken on increased responsibilities in recent years.  *Id.* ¶ 17.  Adding to their traditional responsibilities of combating crime and answering an increasing number of calls for police service, police officers have taken on anti-terrorism responsibilities and other periodic initiatives from the City.  *Id.* ¶ 18.

The members of each of the Police Unions perform vitally important functions in connection with enforcing state and New York City laws and ensuring public safety.  *Id.* ¶ 12.  In particular, they perform and supervise the policing practices and procedures challenged by the plaintiffs in this action.  *Id.* ¶ 13.  The members of the Police Unions perform field police work, including patrolling, conducting surveillance, effecting arrests and searches, and engaging in the stop, question and frisk procedure at issue in this action.  *Id.* ¶ 14.  Members also supervise other officers, including in connection with their performance of the challenged practices and procedures.  *Id.* ¶ 15.

The PBA is the designated collective bargaining agent for the more than 22,000 police officers employed by the NYPD.  The PBA negotiates on police officers' behalf with the City of New York in matters of policy, terms and conditions of employment, and all matters relating to police officers' general welfare.  *Id.* ¶ 7.  The DEA is the certified and recognized exclusive bargaining

3

representative for a bargaining unit consisting of all the approximately 5,000 Detectives employed by the NYPD. *Id.* ¶ 8. The LBA is the certified and recognized exclusive bargaining representative for a bargaining unit consisting of all the approximately 1,700 Lieutenants employed by the NYPD. *Id.* ¶ 9. The CEA is the sole and exclusive collective bargaining representative for the unit consisting of all the approximately 730 employees of the NYPD in titles including Captain, Captain detailed as Deputy Inspector, Inspector and Deputy Chief (collectively, the "Captains"). *Id.* ¶ 10. The core mission of the PBA, DEA, LBA and CEA is to advocate for and protect the interests of its respective members of the NYPD. *Id.* ¶ 11.

## ARGUMENT

The district court's liability findings directly concern the Police Unions' activities, and the changes to existing policies will directly affect their members' workloads and safety. The Police Unions' members are those who will be compelled to do their jobs under the cloud of uncertainty while the district court's contemplated remedial process moves forward, at the same time as this Court's appellate proceedings.

In addition, the remedies ordered by the district court in both *Floyd* and *Ligon* will touch upon matters of training, supervision, monitoring, and discipline of the Police Unions' members. The police will be subject to the FINEST message

4

directing them to follow the district court's constitutional analysis; they will be compelled to complete the new and burdensome paperwork; and they will be subject to the new training, and potentially re-training, that would occur if the remedies move forward prior to this Court's completion of its review. The district court's order has had a chilling effect on officers' performance of legitimate stops and frisks, which affects those officers' safety. *See, e.g.*, *Ybarra v. Illinois*, 444 U.S. 85, 93 (1979) (officers are permitted to perform frisks because of the interest in their "own protection and safety"). In addition, many of the district court's remedies, such as training methods and the use of portable cameras, are matters that would ordinarily be subject to collective bargaining with the City.

Numerous courts have permitted unions with similar direct interests in, and experience with the issues of, a case to intervene as parties in civil rights litigation that puts their conduct at issue. *See, e.g.*, *United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002); *Edwards v. City of Houston*, 78 F.3d 983 (5th Cir. 1996). The Police Unions' motion to intervene is pending before the district court. *See Drywall Tapers & Pointers of Greater N.Y. v. Nastasi & Assocs.*, 488 F.3d 88, 94-95 (2d Cir. 2007). Pending that decision, or a formal motion to intervene in this Court, the Police Unions respectfully submit this motion to participate as *amici curiae*, so that this Court may consider their views with respect to the pending stay motion.

5

WHEREFORE, the Police Unions respectfully request that this Court grant their motion and permit the filing of the accompanying nineteen-page *amici curiae* memorandum.

Dated:        September 27, 2013
              New York, New York

Respectfully submitted,

/s/ Steven A. Engel
Steven A. Engel
Edward A. McDonald
James M. McGuire
Elisa T. Wiygul
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500 (telephone)
(212) 698-3599 (facsimile)
steven.engel@dechert.com

*Counsel for Movants
the Patrolmen's Benevolent
Association of the City of New York,
Inc., the Detectives Endowment
Association, Police Department, City
of New York, Inc., the Lieutenants
Benevolent Association of the City of
New York, Inc., and the Captains'
Endowment Association of New York,
Inc.*

15044807