## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

DAVID FLOYD, *et al.*,

               Plaintiffs-Appellees,

v.

CITY OF NEW YORK, *et al.*,

               Defendants-Appellants.

**Docket No. 13-3088**

## MOTION OF MICHAEL B. MUKASEY AND RUDOLPH W. GIULIANI FOR LEAVE TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF DEFENDANTS-APPELLANTS' MOTION FOR A STAY PENDING APPEAL

Daniel S. Connolly, Esq.
Rachel B. Goldman, Esq.
BRACEWELL & GIULIANI LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 508-6100
Facsimile:  (212) 508-6101
Email: daniel.connolly@bgllp.com
Email: rachel.goldman@bgllp.com

*Counsel for Amici Curiae Michael B. Mukasey and Rudolph W. Giuliani*

Pursuant to Rule 29 of the Federal Rules of Appellate Procedure, Michael B. Mukasey and Rudolph W. Giuliani (the "Amici") hereby move for leave to file a brief *amici curiae* in support of the motion for a stay pending appeal filed by Defendants-Appellants City of New York on September 23, 2013. All parties have consented to this filing.

## DISCUSSION

The Amici have served in several of the highest public offices concerned with law enforcement and governance of the City of New York and the United States; they have served as United States Attorney General, Chief Judge of the United States District Court for the Southern District of New York, Mayor of the City of New York, and United States Attorney for the Southern District of New York, among other offices. In light of their substantial experience across several decades, including significant involvement with the New York City Police Department (the "NYPD"), the Amici are uniquely suited to provide insight into the impact of the district court's Remedies Opinion and Order, dated August 12, 2013 (the "Remedies Order"), and the district court's Liability Opinion issued on the same date (the "Liability Order") (collectively, the "Orders"), on the NYPD and the ability of the City to carry out its mission to provide for the safety and welfare of the residents of the City of New York. Moreover, the Amici are vitally interested in ensuring that the NYPD's and the City's progress in substantially

reducing crime in the City of New York over the past twenty years within the

bounds of the Constitution is not unjustly reversed to the extreme detriment of the

public.  The Amici's extensive background with the City's proper exercise of its

police function, including the NYPD's use of stop-question-and-frisk and other

policing tactics and initiatives, provides them with a distinct and compelling

perspective on the immediate impact of the Orders and the consequences of

denying a stay pending appeal.[1]

The Amici believe that their perspective will aid this Court in its

consideration of the pending stay motion.  Accordingly, the Amici respectfully

request permission to file the attached brief *amici curiae* to emphasize and add to

arguments made by Defendants-Appellants in their motion for a stay pending

appeal.  *See Selfridge v. Carey*, 660 F.2d 516 (2d Cir. 1981).  Specifically, the

Amici seek to expound upon two of the four factors this Court must consider in

determining whether to grant a stay pending appeal:  whether Appellant will suffer

irreparable injury if a stay is denied and where the public interest lies.

First, the Amici submit that the Orders and the district court's September 17,

2013 Opinion and Order denying the City's motion for a stay cast in doubt not only

stop-question-and-frisk, but also the NYPD's entire approach to policing, which

grievously impacts day-to-day decision-making related to crime detection and

---

[1] The Amici note that they are currently employed in the private sector and have no interest in the outcome of this case aside from the continued effective and constitutional operation of the NYPD and the safety of the residents of the City of New York.

deterrence.  The Orders are significant because they raise constitutional questions about the NYPD's use of stop-question-and-frisk, and because the Orders themselves implicate serious constitutional questions concerning the role of the judiciary and the City, which the Amici are particularly well-suited to address.

Second, the public interest points decidedly in favor of issuing a stay pending appeal.  The Orders impose a range of remedies that violate principles of federalism and infringe upon the City's police power.  Thus, a stay will best preserve the City's recent success in reducing crime and providing for the public safety, which is of paramount concern.

## **CONCLUSION**

For the foregoing reasons, the Amici respectfully request that the Court grant leave to file the attached brief *amici curiae* in support of Appellant.

Dated:  September 30, 2013
        New York, New York

Respectfully submitted,

_____/s/ Daniel S. Connolly_____
Daniel S. Connolly, Esq.
Rachel B. Goldman, Esq.
BRACEWELL & GIULIANI LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 508-6100
Facsimile: (212) 508-6101
Email: daniel.connolly@bgllp.com

Email: rachel.goldman@bgllp.com

*Counsel for Amici Curiae Michael B. Mukasey and Rudolph W. Giuliani*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2013, I caused the foregoing motion for leave to file brief as *amici curiae*, and the attached *amici curiae* brief, to be filed with the Court electronically by CM/ECF, which will automatically send notice of the filing to all parties registered in the CM/ECF system for this matter.

DATED:  September 30, 2013

   /s/   Daniel S. Connolly