```
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
- - - - - - - - - - - - - - - - - - - - - - - - - - X
DAVID FLOYD, et al.,
                                                            Docket No. 13-3088
               Plaintiffs-Appellees,
                                                            DECLARATION IN
    -against-                                               OPPOSITION TO
                                                            MOTION TO STAY AND IN
THE CITY OF NEW YORK,                                       SUPPORT OF MOTION TO
                                                            FILE OVERSIZED
               Defendant-Appellant.                         RESPONSE TO MOTION
- - - - - - - - - - - - - - - - - - - - - - - - - - X
```

**DARIUS CHARNEY**, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.  I am a senior staff attorney at the Center for Constitutional Rights, counsel for Plaintiffs-Appellees in the above-captioned appeal.

2.  This declaration is submitted in opposition to Defendant-Appellant City of New York's ("the City") motion for an order staying the District Court's August, 12, 2013 Remedial Order issued in this action pending a decision on appeal, Dkt # 72, and in support of Plaintiffs-Appellees' motion for leave to file an oversized response to the City's motion for a stay.

3.  Plaintiffs-Appellees oppose the City's request to stay the Remedial Order issued in this action.

4.  For the reasons set forth in the accompanying memorandum of law, this declaration, and exhibits attached hereto, Defendant-Appellant's motion for an

1

order staying the Remedial Order should be denied, and, for the reasons set forth in Plaintiffs-Appellees' motion dated September 24, 2013, Dkt # 76, the appeal should be dismissed in its entirety for lack of jurisdiction.

5. More than a month before the commencement of the bench trial in this case, on January 28, 2013, Plaintiffs-Appellees wrote to the District Court and proposed that it adjourn the remedies phase of the bench trial for 90 days and direct the parties, with help of a court-appointed facilitator, to engage in a "collaborative procedure" to attempt to develop a set of proposed court-ordered remedies to address the New York Police Department's unconstitutional and race-based stop-and-frisk policies and practices. The letter further proposed that such "collaborative procedure" incorporate the views of other relevant stakeholders on the stop-and-frisk issue in New York City, including police officers, academic and other experts in police practices, and organizations that work with communities most impacted by stop and frisk. A copy of this letter is attached hereto as Exhibit A.

6. Plaintiffs-Appellees made this proposal because we sincerely believed, and continue to believe, that such a collaborative procedure provides the best opportunity to develop comprehensive, meaningful and effective remedies to the problem of illegal and discriminatory stops and frisks in New York City.

7. On January 31, 2013, the City informed Plaintiffs-Appellees and the District Court that it was unwilling to participate in such collaborative remedial procedure.

8. Thereafter, on March 18, 2013, the bench trial in this case commenced in the District Court. The trial lasted nine weeks, included testimony of over 100 witnesses and the admission of approximately 400 exhibits, and produced a more-than-8000 page trial record.

9. The parties each submitted proposed findings of fact and conclusions of law as well as post trial briefs three weeks after the close of trial, on June 12, 2013.

10. On August 12, 2013, the District Court issued two separate opinions: (i) a 198-page opinion in which it found the City liable for a policy and widespread custom and practice of suspicion-less stops-and-frisks in violation of the Fourth Amendment and race-based stops-and-frisks in violation of the Equal Protection Clause of the Fourteenth Amendment ("Liability Decision"); and (ii) a 39-page opinion which established two interrelated processes for the parties to engage in, along with a court-appointed monitor and court-appointed facilitator and various stakeholders on the stop-and-frisk issue, to develop several categories of injunctive relief to address the unconstitutional stop-and-frisk policies and practices that the District Court found. ("Remedies Decision").

11. On August 16, 2013, the City filed a notice of appeal with this Court in which it indicated it was appealing the Liability and Remedies Decisions.

12. On August 27, 2013, the City moved in the District Court for a Stay of the Remedies Decision pending the outcome of this appeal. The City's motion did not include any supporting declarations or exhibits.

13. On September 17, 2013, the District Court denied the City's motion for a stay.

14. Attached hereto as Exhibit B is the September 5, 2013 Declaration of Plaintiff David Ourlicht.

15. Attached hereto as Exhibit C is the September 5, 2013 Declaration of Christine Quinn.

16. Attached hereto as Exhibit D is the September 5, 2013 Declaration of Robert Jackson.

17. Attached hereto as Exhibit E is the September 5, 2013 Declaration of Helen D. Foster.

18. Attached hereto as Exhibit F is the September 6, 2013 Declaration of Joo-Hyun Kang.

19. Attached hereto as Exhibit G is the September 5, 2013 Amicus Letter of William de Blasio, which was docketed with the District Court on September 9, 2013.

20. Attached hereto as Exhibit H is the October 2, 2013 Declaration of Hazel Dukes.

21. Attached hereto as Exhibit I is the October 2, 2013 Declaration of Cynthia Conti-Cook.

22. Attached hereto as Exhibit J is the October 3, 2013 Declaration of Eve Stotland.

23. Attached hereto as Exhibit K is the September 30, 2013 Declaration of Khary Lazarre-White and accompanying Exhibit 1.

24. Attached hereto as Exhibit L is the October 4, 2013 Declaration of Fahd Ahmed.

25. Attached hereto as Exhibit M is the October 2, 2013 Declaration of Michael Ellick.

26. Attached hereto as Exhibit N is the October 2, 2013 Declaration of Loyda Colon.

27. Attached hereto as Exhibit O is the October 3, 2013 Declaration of Javier Valdes.

28. Attached hereto as Exhibit P is the October 3, 2013 Declaration of Monifa Bandele.

29. Attached hereto as Exhibit Q is the October 3, 2013 Declaration of Robert Schachter.

30. Attached hereto as Exhibit R is the October 1, 2013 Declaration of Hector Figueroa.

31. Attached hereto as Exhibit S is the October 3, 2013 Declaration of Andrea Ritchie.

32. Attached hereto as Exhibit T is the October 2, 2013 Declaration of Pooja Gehi.

33. Attached hereto as Exhibit U is the October 2, 2013 Declaration of Eric Josey.

34. Attached hereto as Exhibit V is the October 2, 2013 Declaration of Orlando Findlayter.

35. Attached hereto as Exhibit W is the October 3, 2013 Declaration of Thomas D. Johnson.

36. Attached hereto as Exhibit X is the October 4, 2013 Declaration of Ramzi Kassem.

37. Attached hereto as Exhibit Y is the October 2, 2013 Declaration of Plaintiff Lalit Clarkson.

38. Attached hereto as Exhibit Z is the October 2, 2013 Declaration of Jonathan Westin.

39. Attached hereto as Exhibit AA is the October 2, 2013 Declaration of Marjorie Kent.

40. Attached hereto as Exhibit BB is the October 2, 2013 Declaration of Rachel Kahn-Troster.

41. Attached hereto as Exhibit CC is the October 4, 2013 Declaration of Samuel Walker, including Exhibits Walker-A and Walker-B.

42. Attached hereto as Exhibit DD is the October 3, 2013 Declaration of Elliot Fukui.

43. Attached hereto as Exhibit EE is the October 4, 2013 Declaration of Ron Hampton.

44. Attached hereto as Exhibit FF is the October 1, 2013 Declaration of Alyssa Aguilera.

45. Attached hereto as Exhibit GG is the October 4, 2013 Declaration of Lynn Lewis.

46. Attached hereto as Exhibit HH is the trial testimony of Officer Edward French (Trial Tr. 3715:1-3754:10).

47. Attached hereto as Exhibit II is the trial testimony of Defendant's Remedies Expert James Stewart (Trial Tr. 7762:20-7763:5; 7817:4-21).

48. Attached hereto as Exhibit JJ is the July 9, 2013 Notice from Patrick Lynch, President of the New York City Patrolmen's Benevolent Association (PBA), sent to all PBA members.

49.     Attached hereto as Exhibit KK is the UF-250 worksheet for the January 30, 2008 stop-and-frisk of named plaintiff David Ourlicht (PTE 250).

50.     Attached hereto as Exhibit LL is a copy of the UF-250 form for the December 2009 stop-and-frisk of class member Cornelio McDonald (PTE 226).

51.     Attached hereto as Exhibit MM is the October 2, 2013 Declaration of Anthony Miranda.

52.     Plaintiffs-Appellees also move for leave to file an oversized response to the City's motion for a stay. Plaintiffs require an extension of the applicable 20-page limit for responses to motions in order to respond to all of the arguments in the City's oversized motion, which is 31 pages, and because of the complexity and scope of the legal issues raised in said motion and the importance of this case. Plaintiffs-Appellees therefore respectfully request that the Court accept the attached response to the City's motion for a stay.

Dated:   New York, New York
         October 7, 2013

                                            /s/    Darius Charney
                                                   Darius Charney