UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------X

DAVID FLOYD, *et al.*,

      *Plaintiffs-Appellees*,

-against-

THE CITY OF NEW YORK,

      *Defendant-Appellant.*

------------------------------------------------------X

Docket No. 13-3088

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS-APPELLEES' MOTION TO DISMISS

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400

CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
(212) 614-6439

COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000

# INTRODUCTION

The City asks this Court to review the providence of the Remedies Order, *see* Pls. Mot. at 12 (citing Dkt. # 22 (Form C) at Addendum B), and jurisdiction over the appeal hinges entirely on that order, as the City's remaining questions are reviewable only to the extent they intertwine with the Remedies Order. *See* Dkt. # 22 at Addendum B; *see also* City Opp. at 13.[1] In its response to Plaintiffs' motion to dismiss for lack of jurisdiction, the City fails to address how this Court can review the providence of remedial relief when "the remedial phase of the case is ongoing" and the development of remedies "is still in its earliest stages." *Floyd v. City of New York*, 08 Civ. 1034 (SAS), 2013 U.S. Dist. LEXIS 132881, *8 (S.D.N.Y. Sept. 17, 2013) ("Stay Op."). Because the appellate perspective will necessarily change once the remedies are actually developed, the City does not (and cannot) explain how this appeal can properly be heard now. The City's response should be deemed a concession that this appeal is premature, and on this concession alone the appeal should be dismissed.

Under this Court's long-standing precedent, orders directing the development of remedies are not appealable injunctions unless only mere technicalities remain unresolved, and (notwithstanding the City's misleading

---

[1] All abbreviations herein conform to those in Plaintiffs' opening memorandum of law in support of dismissal.

misrepresentations) it is beyond credible dispute that what remains to be resolved here is substantive and extensive. This Court lacks jurisdiction to hear the City's appeal, and the City has not shown otherwise.

The City's appeal must be dismissed.

## ARGUMENT

### (1)
### Review of the Remedies Order Will Result in Piecemeal Appeals

The City submits that piecemeal appeals from interlocutory orders are now the norm (City Opp. at 13-14), yet this Court has repeatedly and unequivocally held the opposite: "Section 1292(a)(1) functions only as a narrowly tailored exception to the policy against piecemeal appellate review." *Sahu v. Union Carbide Corp.*, 475 F.3d 465, 467 (2d Cir. 2007) (citations and internal quotation marks omitted); *see also Henrietta D. v. Giuliani*, 246 F.3d 176, 181 (2d Cir. 2001) (same). The City cites to *Hoots v. Pennsylvania*, 587 F.2d 1340 (3d Cir. 1978), in support of its contention (City Opp. at 10-13), yet *Hoots* stands for the opposite, as explained in *Jackson v. Fort Stanton Hospital and Training School*, 964 F.2d 980, 988-89 (10th Cir. 1992) (explaining *Hoots* as supporting that the exceptions to finality are narrow, and declining to exercise jurisdiction where appealed from order was going to evolve). *See also Spates v. Manson*, 619 F.2d 204, 210 (2d Cir. 1980). The holding in *Arthur v. Nyquist*, 547 F.2d 7, 8 (2d Cir. 1976) (City Opp. at

14), appears limited to the peculiar circumstances of then-extant school desegregation cases, and this Court's reiteration after *Arthur* that interlocutory appeals are a narrow exception to the finality requirement undermines any holding in *Arthur* to the contrary.

The City's implicit admission that it will likely appeal subsequent remedial orders (City Opp. at 13) underscores the likelihood of piecemeal appeals, and that jurisdiction is lacking. Dismissing this appeal, in contrast, is likely to narrow the scope of appellate review because the City is participating in the development of remedies and therefore may not object to certain remedies ultimately ordered. *See Jackson*, 940 F.2d at 990 (declining to exercise discretionary jurisdiction "[b]ecause the [district] court allowed each of the parties to provide substantial input into creation of the plans, [such that] the parties may strike an accord that addresses each party's interests and obviates the need for an appeal.").[2]

## (2)
## The *Spates* Exceptions Do Not Apply to the Remedies Order

While admitting that an order to develop a remedial plan is not generally appealable (City Opp. at 4), the City argues the Remedies Order falls within two

---

[2] The City's argument with respect to *Ligon v. the City of New York*, Case No. 13-3123 (City Opp. at 14), does not support a finding of jurisdiction. This Court may not confer itself with jurisdiction based on considerations of judicial efficiencies. And even if this Court has jurisdiction over the order at issue in *Ligon*, that order is in a different posture than *Floyd*.

exceptions this Court enunciated in *Spates v. Manson*. *See* City Opp. at 4-5. In its attempt to fit the Remedies Order within these exceptions, the City misstates and misapplies precedent with respect to both.

The first *Spates* exception applies "when the order contains other injunctive relief." 619 F.2d at 209. The City disingenuously submits that it has been "directed to take [remedial] steps." City Opp. at 4. Yet, it has not been compelled to do anything other than participate in the development of remedies: No FINEST message will be transmitted; no training will be conducted; no stop documentation will be altered; and no supervision, monitoring, or discipline practice or procedure will change unless and until the District Court so-orders the Immediate Reforms or Joint Process Reforms. What must happen "as soon as practicable" are not the City's remedial steps, as the City misleadingly asserts (City Opp. at 1), but its participation in a process to develop remedial *proposals*, which then must be submitted to the Court for approval. *See* Remedies Order at 12, 14. The Remedies Order plainly does not fall within the first *Spates* exception.

The second *Spates* exception is also inapplicable, as that exception only applies when what remains to be done is a matter of technicality:

> In a case in which the district court has, in its order, determined the nature and extent of the injunctive relief which the final decree will grant, *all that remains for the parties is to propose the mechanics for the implementation of that relief.* The issues in such a case are ready for appellate consideration, because the precise plan which ultimately

4

will be adopted by the district court will do no more than determine *how* the injunctive relief will be accomplished as contrasted with the *nature and extent* of that relief. . . . The general rule – that orders requiring a plan are not appealable – and its recognized exceptions are consistent with the policy underlying rules of finality that, where possible, *appellate courts should avoid interfering with trial court proceedings until the trial court receives a full opportunity to develop the record, resolve disputed issues, and grant an appropriate remedy.*

*Jackson*, 964 F.2d at 988 (quoting *Hoots*, 587 F.2d at 1352) (first and fourth emphases added) (citation and internal quotation marks omitted); *see also Spates*, 619 F.3d at 209-211. The District Court has not yet granted the appropriate remedies in this case.

The City's attempts to distinguish *Spates*, *Taylor v. Board of Education*, 288 F.2d 600 (2d Cir. 1961), *Henrietta D.*, and *City of Bridgeport v. Bridgeport Guardians, Inc.*, 2007 U.S. App. LEXIS 28662, 05-2481-cv (L) & 05-2693-cv (con), 06-0727-cv (2d Cir. Dec. 11, 2007) (City Opp. at 7-9), are premised on the false assertion that the District Court substantially proscribed the remedies. While the Remedies Order contains specific guidelines for the development of reforms, the District Court left substantial latitude in the potential content of ultimate remedies:

- The Remedies Order contemplates proposals from the parties on all categories of the Immediate Reforms and the potential for the City's proposals to ultimately prevail, *id.* at 14 ("If the parties, together with the Monitor, are unable to develop agreed-upon Immediate Reforms, the Court will order the parties to draft proposed revisions to specific policies and training materials.");

5

- The Remedies Order leaves the reforms in the categories of supervision, monitoring and discipline almost entirely unconstrained, *id.* at 24 ("In light of the complexity of the supervision, monitoring, and disciplinary reforms that will be required to bring the NYPD's use of stop and frisk into compliance with the Fourth and Fourteenth Amendments, it may be appropriate to incorporate these reforms into the Joint Remedial Process . . . . However, to the extent that the Monitor can work with the parties to develop reforms that can be implemented immediately, the Monitor is encouraged to include those reforms in the proposed Immediate Reforms.");

- The Remedies Order does not specify how trainings will change or reflect the Liability Order, and permits the parties and the Monitor great leeway in developing training reforms, *id.* at 17-18 ("It may also be appropriate to conduct training for officers on the effect of unconscious racial bias. . .); *see also id.* at 14 (permitting "the parties to draft proposed revisions to specific . . . training materials" in the event of disagreement among them);

- The Remedies Order similarly allows great leeway with respect to the establishment of performance goals, *id.* at 18 ("[T]he use of performance goals in relation to stops may be appropriate. . . .[and] the perspective of police officers and police organizations will be particularly valuable to clarifying the role of performance goals in the reform of stop and frisk . . . .[W]here legitimate uncertainty exists regarding the most efficient means of reform, and the parties have differing views, it may be feasible for the Monitor to test the alternatives. . .");

- The Remedies Order leaves open alternatives for changes to stop documentation, *id.* at 21, 22 n.56 ("It *may* also be necessary to reduce the number of 'stop factor' boxes in order to permit easier analyses of patterns in the constitutionality of stops. . . . If the parties can agree upon an improved procedure [for documentation] during the Joint Remedial Process . . . those improvements can be included in the Joint Process Reforms.") (emphasis added);

6

- The Remedies Order does not contain the language to be included in the FINEST message and permits the parties to draft the message in consultation with the Monitor, *id.* at 25, 34;

- The Remedies Order provides the Monitor, in consultation with the City and others, to develop procedures and guidelines for a body-worn camera pilot program, including examining how to test success, *id.* at 25-26, and, as with all reforms, the Monitor is inured with authority to request changes to the program should it, for example, appear too expensive, *id.* at 13.

These examples demonstrate that the development of reforms in this case is far from technical, and the variance in remedies between now and when the remedial order issues may be great, and, in any event, will only be concrete after all the parties have weighed in with the monitor on specific remedial proposals. *See Jackson*, 964 F.2d at 989 (finding absence of jurisdiction even though the appealed from order was "not completely devoid of specifics" because that order also "gave substantial latitude to the parties to determine, acting together in good faith, the most appropriate method to remedy [the constitutional] violations").

The cases the City cites in its response do not alter the long-established principle that orders to submit remedial proposals are only appealable injunctions if they otherwise enjoin or compel action or if all that remains outstanding are technicalities related to implementation. In *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052 (5th Cir. 1997) (City Opp. at 7), for example, a blind man relying upon a guide dog was denied access to a public brewery tour and he

challenged the brewery's blanket prohibition on animals. *Id.* at 1055-56. After a finding of liability, the district court "require[d] [the brewery] to make modifications to allow individuals with service animals the broadest feasible access to the tour." *Id.* at 1057. Thus, the defendant was compelled to implement policy changes without any further judicial process. Here, on the other hand, the City is not now compelled to implement any changes.[3]

Similarly, in *Morrisey v. Curran*, 650 F.2d 1267 (2d Cir. 1981) (City Opp. at 6), only technical details of implementation remained. As this Court explained, the order at issue in *Morrisey* "specified three necessary changes" to be made to a union's pension plan: "reducing the maximum years-of-service ceiling, to which the level of benefits is pegged, from 40 to 35 years; raising the discount rate applied in determining the lump-sum pension payments from 6 ½ to the highest available current yield; and requiring the same maximum amount of severance pay for all employees by eliminating a 'grandfather clause' exception to the new severance pay plan, . . . ." *Id.* at 1285. While it would technically take time to revise the pension plans in line with this order, the content of the revisions were

---

[3] Notably, the court in *Johnson* relied upon a Fifth Circuit case with which this Court long ago noted disagreement. *Compare id.* at 1057 (relying upon *Board of Pub. Instruction v. Braxton*, 326 F.2d 616 (5th Cir. 1964)), with *Spates*, 619 F.2d at 210 n.5 (noting skepticism that the order in *Braxton* was an appealable injunction). This Court has never cited *Johnson*.

fixed and immutable. *Id.* at 1285 n.17. The circumstances in the instant case are far different.

This Court applied analogous reasoning in finding jurisdiction in *McCormick v. the School District of Mamaroneck*, 370 F.3d 275, 285 (2d Cir. 2004). The plaintiffs in *McCormick* challenged the scheduling of girls' and boys' high school soccer in different seasons because such scheduling deprived girls of opportunities afforded boys. The order appealed from compelled the school districts to schedule boys' and girls' soccer in the same season. Although details of implementation remained, the remedial relief was determined. So too, in *Armstrong v. Wilson*, 124 F.3d 1019, 1022 (9th Cir. 1997) (City Opp. at 6), the Ninth Circuit found jurisdiction because the appealed from order contained sufficient specificity. It was notably important to the Ninth Circuit in *Armstrong* that changes to the remedial plan would not affect appellate perspective because the defendant did not challenge the content of the injunction. That is not so here, where the City directly questions the providence of the remedial relief.

The City's repeated citation to *Fredrick L. v. Thomas*, 557 F.2d 373 (3d Cir. 1997) (City Opp. at 7, 11) is likewise unavailing because, as this Court has opined, "[i]n *Frederick L.*, . . . the extent of the relief in [the order found to be appealable] was clear, and *only implementation was subject to a submitted plan*." *Spates*, 619

F.2d at 209 (emphasis added). It is therefore clear that orders to develop remedial plans are not appealable where, as here, substantive remedial questions remain.

### (3)
### Jurisdiction to Review the Class Certification and *Daubert* Orders is Absent

Plaintiffs argued in their opening brief that this Court lacked jurisdiction to review the class certification and *Daubert* orders based on the City's failure to include those orders in its notice of appeal. Pls. Mot. at n.1. The City appears to argue in response that "other orders" inextricably intertwined with the Remedies Order are appealable (City Op. at 13), but even if those orders were *capable* of appeal, the City failed to meet the pre-requisites to jurisdiction that are necessary to *obtain* appellate review. The City offers no rebuttal to this point, and it should therefore be deemed conceded. Plaintiffs further reserve the right to argue in their merits briefs that the class certification and *Daubert* decisions do not meet the requirements for the exercise of pendent appellate jurisdiction.

### CONCLUSION

For the foregoing reasons, Plaintiffs-Appellees respectfully request that this Court dismiss the City's appeal in its entirety.

Dated:  New York, New York
        October 15, 2013

Respectfully submitted,

10

Jonathan C. Moore, Esq.
Jenn Rolnick Borchetta, Esq.
BELDOCK LEVINE & HOFFMAN LLP

Darius Charney, Esq.
Sunita Patel, Esq.
Chauniqua Young, Esq.
Baher Azmy, Esq.
CENTER FOR CONSTITUTIONAL RIGHTS

Eric Hellerman, Esq.
Kasey L. Martini, Esq.
COVINGTON & BURLING LLP