# centerforconstitutionalrights
## on the front lines for social justice

October 31, 2013

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

            Re:    *Floyd v. City of New York* (Docket No. 13-3088)

Dear Ms. Wolfe:

      Plaintiffs-Appellees in the above-captioned appeal write in response to Defendant-Appellant City of New York's October 30, 2013 letter to the Court summarizing the racial demographics of the New York Police Department's (NYPD's) workforce, Dkt # 231, and request that this letter be provided to Judges Cabranes, Walker, and Parker. For the reasons set forth below, Plaintiffs-Appellees respectfully submit that the NYPD's employment statistics are not legally or factually relevant to this case and should not be considered by this Court in its evaluation of the pending stay motion or the merits of this appeal.

      As a threshold matter, the City has not raised the NYPD's employment statistics as a defense to Plaintiffs-Appellees' claims in any of its previous submissions to the District Court or this Court. Plaintiffs-Appellees respectfully submit that consideration of such statistics in support of arguments not before this Court is therefore wholly inappropriate.

      The NYPD's employment statistics have no legal bearing on the Equal Protection issues in this case. This case is not about the Police Department's employment practices but the way that NYPD personnel treat the civilian pedestrians they encounter on the streets of New York City. Courts have long recognized that people of the same race can and do subject each other to race-based discriminatory treatment, and such claims by plaintiffs in those instances are actionable. *See e.g. Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 610 (1987) (§ 1981 discrimination claims by "one Caucasian against another" could proceed); *Mitchell v. Amtrak*, 407 F. Supp. 2d 213, 236 (D.D.C. 2005) ("[Black] plaintiff's claim of racial discrimination against [Black defendants] does not fail as a matter of law. Intra-racial discrimination is actionable under § 1981.") (citation omitted). A presumption that minority officers do not target people of color for unconstitutional enforcement action would implicate the same wrongful stereotyping at issue in this case -- that members of a minority group will act in a certain fashion simply because of their race or ethnicity. Moreover, such presumption is belied by the record evidence, including the trial testimony of Latino NYPD Officers Adhyl Polanco and Pedro Serrano, audio recordings of roll calls in multiple NYPD precincts, and minutes of Compstat meetings at NYPD headquarters, that officers irrespective of their own race are pressured to

conduct unconstitutional and race-based stops and frisks. Dist Ct. Liability Op. at 64-81. We also note that the racial makeup of the NYPD's employees does nothing to undermine the extensive evidence presented at trial that the NYPD has a top-down policy and practice of targeting black and Hispanic people for stops and has been deliberately indifferent to suspicionless and race-based stops by its officers for over a decade. *Id*. at 81-88, 184-92.

       For the foregoing reasons, Plaintiffs-Appellees respectfully submit that the panel should not consider the NYPD's employment statistics in evaluating the pending stay motion or the merits of the present appeal.

                        Respectfully submitted,

                        /s/

                        Darius Charney

cc:      All counsel, via ECF