

October 31, 2013

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

Re:    *Floyd v. City of New York* **(Docket No. 13-3088)**

Dear Ms. Wolfe:

For several reasons, the Appellees object to the letter submitted to the Court earlier today by Corporation Counsel Michael Cardozo, Dkt # 238, who, incidentally, has not filed a notice of appearance in the case, seeking to severely curtail the time for Appellees to file their answering brief and for this Court to consider the enormous record before it on this appeal.

First, a motion to expedite was already filed by the City and rejected by this Court. *See* Dkt # 44, 60.  The proper course of action would have been to file a timely motion for reconsideration. Local Rule 27.1(g) of this Court states that motions to reconsider must be filed 14 days after the order which the moving party seeks reconsideration of.  The City comes now, nearly 30 days late, seeking untimely and improper reconsideration. The Order denying the City's Motion to Expedite, Dkt # 60, is dated September 19, 2013, which is 42 days ago.  Rules of procedure are supposed to mean something in our courts.  This is but another example of how the City of New York simply flouts the rules in order to achieve a result that would severely prejudice the Appellees in this case.

Under the City's new proposed briefing schedule, it would still have had 88 days in which to review the record and file their opening merits brief in this case, while the Appellees would be reduced to having only 31 days, including the Thanksgiving holiday, to respond to an oversized brief and a record that is over 25,000 pages long, involves nine weeks of testimony with over 100 witnesses and 400 exhibits, and an 8,000 page trial transcript.  The City's suggestion that the Appellees would not be prejudiced because we know the "thrust of the City's merits arguments" is simply ludicrous, given that the City will be filing a 28,000-word merits brief and, to this point, has only provided Appellees and this Court with 16 pages of merits arguments in its stay motion. *See* Dkt ## 47, 72 at 11-27.

Second, Mr. Cardozo's letter provides absolutely no reason why the Court's previous order denying the motion to expedite was in error or would result in "manifest injustice." *See Doe v. New York City Dep't of Social Services*, 709 F.2d 782, 789 (2d Cir. N.Y. 1983).  The City does not explain what would be achieved by having this case decided before the end of the year, and just as it did on its motion to stay, does not cite *any* irreparable injury that would flow if the case is not decided before the end of the year.  In fact it is blatantly apparent why the City wants

this case decided by the end of the year.  That is because the upcoming election on November 5th will, in the words of Judge Parker, likely change the "marching orders" of the City.  The City invites this Court to decide this case before the end of the year in a crass political move to prevent the remedy from going forward following the election.  This Court cannot be unmindful of the fact, as reflected by the participation of the Public Advocate as an amicus in this case, that the issue of stop and frisk is one of widespread public concern at the moment.  This Court should not allow itself to be manipulated by the soon to be departed City administration simply because that lame duck administration objects to the reasoned and careful decision by the district court in this case.

   Accordingly, Appellees respectfully request that the Court reject Mr. Cardozo's "suggestion" to expedite the schedule for Plaintiffs' answering brief and this Court's consideration of the merits of this appeal. Thank you for your time and consideration.

                  Respectfully submitted,

                   /s/

                   Sunita Patel


cc:  All counsel (*via ECF*)