# MANDATE

13-3123
*Ligon, et al. v. City of New York, et al.*
13-3088
*Floyd, et al. v. City of New York, et al.*

United States Court of Appeals
FOR THE
SECOND CIRCUIT

  At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand thirteen.

Present:
    John M. Walker, Jr.,
    José A. Cabranes,
    Barrington D. Parker,
      *Circuit Judges.*

Jaenean Ligon, et al.,
    *Plaintiffs-Appellees.*

    v.            13-3123
City of New York, et al.,
    *Defendants-Appellants*,

David Floyd, et al.,
    *Plaintiffs-Appellees.*

    v.            13-3088
City of New York, et al.,
    *Defendants-Appellants*,

**MANDATE ISSUED ON 10/31/2013**

Pending before the Court is a motion filed by Appellants City of New York et al. seeking a stay of the District Court's August 12, 2013 remedial order and preliminary injunction ("Remedies Opinion").

It is hereby ORDERED that the District Court's January 8, 2013 "Opinion and Order," as well as the August 12, 2013 "Liability Opinion" and "Remedies Opinion," each of which may or will have the effect of causing actions to be taken by defendants or designees of the District Court, or causing restraints against actions that otherwise would be taken by defendants, are STAYED pending the disposition of these appeals.

The appeal by defendants in both (consolidated) actions shall continue in the normal course, under the following schedule:

Defendants shall perfect their appeals by January 24, 2014.

Plaintiffs shall file by February 28, 2014.

Defendants shall reply by March 14, 2014.

Oral argument shall be heard on a date after March 14, 2014, to be set by the Court in due course.

The cause is REMANDED to the District Court for the sole purpose of implementation of this Order, and the mandate shall otherwise remain with this Court until the completion of the appeals process.

Upon review of the record in these cases, we conclude that the District Judge ran afoul of the Code of Conduct for United States Judges, Canon 2 ("A judge should avoid impropriety and the appearance of impropriety in all activities."); *see also* Canon 3(C)(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ."), and that the appearance of partiality surrounding this litigation was compromised by the District Judge's improper application of the Court's "related case rule," *see* Transfer of Related Cases, S.D.N.Y. & E.D.N.Y. Local Rule 13(a),[1] and by a series of media

---

[1] In a proceeding on December 21, 2007 involving the parties in *Daniels v. City of New York*, No. 99 Civ. 1695 (S.D.N.Y. filed Mar. 8, 1999), the District Judge stated, "[I]f you got proof of inappropriate racial profiling in a good constitutional case, why don't you bring a lawsuit? You can certainly mark it as related." She also stated, "[W]hat I am trying to say, I am sure I am going to get in trouble for saying it, for $65 you can bring that lawsuit." She concluded the proceeding by noting, "And as I said before, I would accept it as a related case, which the plaintiff has the power to designate." Two of the attorney groups working on behalf of plaintiffs in *Daniels*, a case

interviews and public statements purporting to respond publicly to criticism of the District Court.[2]

Accordingly, we conclude that, in the interest, and appearance, of fair and impartial administration of justice, UPON REMAND, these cases shall be assigned to a different District Judge, chosen randomly under the established practices of the District Court for the Southern District of New York. This newly-designated District Judge shall implement this Court's mandate staying all proceedings and otherwise await further action by the Court of Appeals on the merits of the ongoing appeals.

In taking these actions, we intimate no view on the substance or merits of the pending appeals, which have yet to be fully briefed and argued.

The mandate shall ISSUE FORTHWITH for the sole purpose of implementation of this Order and shall otherwise remain in this Court.

In the interest of judicial economy, any question, application, or further appeal regarding the scope of this Order or its implementation shall be directed to this panel, which will hear the case on the merits in due course.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

challenging the New York Police Department's stop-and-frisk practices, helped file *Floyd* the next month. *See generally* Joseph Goldstein, *A Court Rule Directs Cases Over Friskings to One Judge*, N.Y. Times, May 5, 2013.

[2] *See, e.g.*, Mark Hamblett, *Stop-and-Frisk Judge Relishes her Independence*, N.Y. Law Journal, May 5, 2013; Larry Neumeister, *NY "Frisk" Judge Calls Criticism "Below-the-Belt,"* The Associated Press, May 19, 2013; Jeffrey Toobin, *A Judge Takes on Stop-and-Frisk*, The New Yorker, May 27, 2013.