## BELDOCK LEVINE & HOFFMAN LLP
### 99 PARK AVENUE
NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER*
PETER S. MATORIN
KATHERINE G. THOMPSON
CYNTHIA ROLLINGS
JONATHAN MOORE*△
KAREN L. DIPPOLD
JONATHAN K. POLLACK
VERA M. SCANLON
HENRY A. DLUGACZ
STEPHEN J. BLUMERT°

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

COUNSEL
MARJORY D. FIELDS

REF:

WRITER'S DIRECT DIAL:

ALSO ADMITTED IN:
*CALIFORNIA
△ILLINOIS
•FLORIDA
°NEW JERSEY

November 12, 2013

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
For the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York   10007

    Re:    **Floyd, et al., v. The City of New York**
            **Docket No. 13-3088(L)**

Dear Ms. Wolfe:

    We write in response to the City Defendants' recent filing of a request to modify the Stay Order dated October 31, 2013, Dkt # 265, wherein they seek the extraordinary and unprecedented relief of vacating the District Court's orders dated August 12, 2013, even though those orders are the subject of an appeal currently pending with a fixed merits briefing schedule, and specifically to address the Appellants' proposed briefing schedule on the motion to vacate. Notwithstanding the City's mischaracterization that "an expeditious resolution of this application will serve the public interest," see Dkt # 265 at 3,, there is no such urgency as the District Court's August 12, 2013 orders have been stayed by the panel's decision on October 31, 2013 and a briefing schedule on the merits has been set.

    In an obvious attempt to seek resolution of the merits of this appeal before there is a change in administration in City government, the Appellants have requested that Appellees should be given only four days and one business day, until November 13th, to respond to the motion to vacate. In response, the Appellees herein make the following request:

BELDOCK LEVINE & HOFFMAN LLP

First, that this matter be denied outright as without merit and a transparent attempt to circumvent the merits briefing schedule which has already been set by the panel and to draw this Court into the middle of an ongoing political debate between the outgoing and incoming administrations in the City. The arguments raised by the Appellants in their motion to vacate are merits arguments and, aside from expressing outrage that the New York City Police Department ("NYPD") has been found to be in violation of the U.S. Constitution, they made no rational argument as to why the merits should be addressed in the space of one week, when the panel has set a briefing schedule more appropriate for a case that took nine weeks to try, involved over 100 witnesses and 400 exhibits and a transcript in excess of 8,000 pages. Any effort to now telescope the briefing schedule on what is essentially a merits argument as to the viability of the district court's ruling from 104 days to 7 would greatly prejudice the Appellees and, more importantly, the citizens of the City of New York who have been affected by the NYPD' unconstitutional practices for years.

Second, should this Court not deny this motion to vacate outright as premature, the Appellees would request that the substance of the motion to vacate be held in abeyance until there is a ruling on Appellees' motion seeking en banc review of the panel's October 31, 2013 Mandate. Obviously how this Court rules on the now pending motions for en banc reconsideration will impact the entire basis of the City's motion to vacate, let alone the timing of that motion.

Third, if the Court is not inclined to adopt either of the first two suggestions, the Appellees would request until December 6, 2013, to file a response to the City's motion to vacate. Appellees seek this date because they already must respond to two intervention motions from the police unions by next week and because of the impending Thanksgiving holidays. In addition, the Appellants have cherry-picked isolated examples out of an 8,000 page transcript and over 200 pages of opinions by the District Court which will require extensive review of the record to rebut or place in the proper context. Finally, as stated above, a December 6 deadline will in no way prejudice the City given that the district court orders have already been stayed pending the outcome of this Court's consideration of the merits of this appeal.

We have consulted with the Appellants and they do not agree to this requested briefing schedule.

In addition, as this Court is aware there is one pending motion to intervene already filed by various police unions, for which is Appellees' response is due on Monday, November 18, 2013. We expect a second motion to intervene by the sergeant's union will be filed today, which would make the Appellees' response due on Friday, November 22, 2013. Under the circumstances, Appellees would request that their opposition to both intervention motions be due on Friday, November 22, 2013.

As per the Court's October 31, 2013 Mandate, we are constrained to request that you direct this letter to the panel which has decided to exercise jurisdiction over this appeal.

BELDOCK LEVINE & HOFFMAN LLP

    As per the Court's October 31, 2013 OrderMandate, we are constrained to would request that you direct this letter to the panel which has decided to exercise jurisdiction over this appeal.

                                            Yours, etc.,

                                            Jonathan C. Moore

JCM/moc
cc.    All counsel by ECF