UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-------------------------------------------------------x
DAVID FLOYD, et al.                              :
                                                 :
         Plaintiffs-Appellees,                   :
                                                 :    Docket No. 13-3088
         -versus-                                :
                                                 :
CITY OF NEW YORK, et al.                         :
                                                 :
         Defendants-Appellants.                  :
-------------------------------------------------------x

# DECLARATION IN SUPPORT OF EMERGENCY MOTION TO ADJOURN FILING DATE FOR PLAINTIFFS-APPELLEES' OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION TO VACATE LIABILITY AND REMEDIAL RULINGS

Jonathan C. Moore declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am of the attorneys for the Plaintiffs-Appellees in the above captioned matter. I submit this declaration in support of the Plaintiffs-Appellees' emergency motion to adjourn the November 22, 2013 date by which they have to file an opposition to the Defendant-Appellant City of New York's motion to vacate the District Court's liability and remedy rulings in this matter.

2. As we set forth in our letter to this Court on November 12, 2013, given the lack of merit of the City's motion and its transparent attempt to do an end run around a full merits briefing schedule already set by this Court, and

particularly in light of this Court's subsequent clarification of its decision to remove Judge Scheindlin from this case in the district court on remand, we believe this Court should simply deny the motion to vacate. The arguments raised by the Defendants-Appellants in their motion to vacate are merits arguments and, aside from expressing outrage that the New York City Police Department ("NYPD") has been found to be in violation of the U.S. Constitution, they made no rational argument as to why the merits should be addressed in the space of one week, when the panel has set a briefing schedule more appropriate for a case that took nine weeks to try, involved over 100 witnesses and 400 exhibits and a transcript in excess of 8,000 pages. Any effort to now telescope the briefing schedule on what is essentially a merits argument as to the viability of the district court's ruling from 104 days to 7 is simply ludicrous and would greatly prejudice the Plaintiffs'-Appellees and, more importantly, the citizens of the City of New York who have been affected by the NYPD's unconstitutional practices for years.

3. To the extent this Court does not simply dismiss the City's motion to vacate, the Plaintiffs-Appellees herein request that the opposition due date for the motion to vacate be adjourned consistent with the relief sought by way of a similar emergency motion being filed today by the Plaintiffs-Appellees in *Jaenean Ligon, et al., v. City of New York*, Docket No. 13-3123, that is, until (1) the already-set merits briefing schedule in this matter, (2) until at least 60 days after disposition of

the pending motions for reconsideration *en banc*, or (3) until 60 days (or some other time the Court deems appropriate) after the date of the filing of the City's motion to vacate. In all other respects, Plaintiffs-Appellees in *Floyd* join in the emergency motion to adjourn filing date for Plaintiffs'- Appellees motion to vacate liability and remedial rulings being filed today with this Court by the *Ligon* Plaintiffs-Appellees.

JONATHAN C. MOORE

Dated: November 20, 2013
       New York, N.Y.