

**MICHAEL A. CARDOZO**
*Corporation Counsel*

The City of New York
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

**Celeste L. Koeleveld**
*Executive Assistant for Public Safety*
Phone: 212-356-2300
Fax: 212-356-2509
Email: ckoeleve@law.nyc.gov

November 20, 2013

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:  Floyd v. City of New York, Dkt. No. 13-3088
            Ligon, et al. v. The City of New York, et al., Dkt. No. 13-3123

Dear Ms. Wolfe:

      This office represents the defendants-appellants, the City of New York and named City employees ("the City"), in the above-referenced appeals. The City respectfully submits this letter in opposition to the *Floyd* and *Ligon* plaintiffs' request for an extension of time to respond to the City's motion to vacate the District Court's Orders in *Floyd* and *Ligon*, filed on November 9, 2013. The plaintiffs do not adequately explain why they need up to several additional months to respond to the City's motion, which was supported by only a 20-page memorandum of law.

      Indeed, the City's motion to vacate does not rely on an exhaustive review of the record, but cites almost exclusively the district court's opinion and the judge's extrajudicial acts, and so an exhaustive review of the record is not required to respond to it. Nor is it accurate to suggest, as the *Floyd* plaintiffs do, that the City's motion has been weakened by the Court's November 13, 2013 Orders. On the contrary, the appearance of partiality has only increased because of the District Judge's repeated attempts to intervene in the appellate process, uninvited and improperly, even after the Court ruled that there was no basis for such intervention. *In re Motion of District Judge*, Order dated Nov. 13, 2013, *Floyd* ECF # 301. In the aggregate, these efforts to intervene, combined with the other actions that the Court has already identified, *In re Reassignment of Cases*, Order dated Nov. 13, 2013, *Floyd* ECF # 304, are akin to the "unique and unusually strong" circumstances that prompted this Court both to vacate and remand to another district judge in *United States v. Amico*, 486 F.3d 764, 776 (2d Cir. 2007), based on the

appearance of partiality.  *See also Alexander v. Primerica Holdings*, 10 F.3d 155, 164-65 (3d Cir. 1993).  Likewise, here, a disinterested observer can no longer have confidence that the District Court's Orders were crafted by a neutral arbiter, and those Orders should accordingly be vacated promptly.

                        Respectfully submitted,

                        Celeste L. Koeleveld

cc:     All Counsel by ECF