Burt Neuborne
40 Washington Square South
New York, New York 10012
212 998-6272
burt.neuborne@nyu.edu

November 20, 2013

Catherine O'Hagan Wolfe
Clerk of the Court
United Sates Court of Appeals for the second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

>   Re: Floyd v. City of New York, 13-3008
>   Ligon v. City of New York, 13-3123

Dear Ms. Wolfe:

I write in brief response to the letter submitted by New York City opposing plaintiffs' request for an adjournment to permit the filing of an adequate response to the City's pending motion to vacate the decisions below, solely on the basis of actual bias on the part of the District Judge.

I note that the City's motion, filed on November 9, 2013, was predicated on an alleged finding by the Motion Panel in its October 31, 2013 ruling that the District Judge had violated the Code of Conduct for United States Judges. On November 11, 2013, the Motion Panel clarified its October 31 ruling to make clear that Motion Panel intended "no personal criticism" of the District Judge.  Indeed, the Motion Panel was careful to "clarify" its October 31, 2013 ruling to remove any suggestion that she had violated the Code of Conduct for United States Judges, or had otherwise behaved improperly.

Instead of acknowledging that the Motion Panel's clarification has removed the only plausible predicate for its motion to vacate on the ground of actual  judicial bias, the City doubles down on the motion, making the genuinely Orwellian argument that the District Judge's successful  effort to clear her name against an apparent suggestion of judicial misconduct  by seeking a "clarification" of the Motion Panel's October 31, 2013 order constitutes an independent basis for branding her as "biased," and justifies the extraordinary step of summarily vacating the opinions in *Floyd and Ligon* as the work of an errant judge who has violated the cardinal rule of judicial behavior.

1

It is precisely because the City seeks a factual finding that Judge Scheindlin was actually biased in violation of the Code of Conduct for United States Judges that the undersigned has sought leave to appear as *amicus curiae* on her behalf in opposition to the City's motion. *Amici*'s request to appear in order to defend the District Judge against charges of actual bias remains pending.  As the Motion Panel noted in its order dated November 13, 2013:

> To the extent that Judge Scheindlin seeks to defend herself against the suggestion of violation of the Code of Conduct for United Judges, our accompanying opinion explains that we have made no findings that Judge Scheindlin has committed judicial misconduct, nor have we suggested that she has abdicated any of her judicial responsibilities…*We therefore need not consider Judge Scheindlin's argument that she should be afforded an opportunity to contest charges of judicial misconduct.*

The City's renewal of the ugly charge of actual bias raises precisely the issue of process for an accused District Judge that the Motion Panel found it unnecessary to decide. Accordingly, the undersigned *amici* renew their motion for leave to appear as *amici curiae* to respond, on the District Judge's behalf, to the City's renewed, if utterly baseless, charges of actual bias.

The City's effort to mischaracterize *amici*'s motion for leave to appear in order to present a defense of the District Judge against charges of judicial misconduct as evidence of actual judicial bias betrays a fundamental misunderstanding of process. Proposed *amici* seek leave to replicate the procedural rights enjoyed by a District Judge under Rule 21(b)(4) F.R.App. Proc., the usual mode of seeking judicial disqualification, in the context of a *sua sponte* order of removal under 28 U.S.C. §2106. If a request pursuant to Rule 21(b)(4) is evidence of actual bias, the rule becomes a trap, not an effort to permit a District Judge to be heard.

The Motion Panel rejected *amici*'s effort to graft the procedures under Rule 21(b)(4) onto *sua sponte* removal orders issued pursuant to 28 U.S.C. §2106. Proposed *amici* have filed a timely request for en banc reconsideration of the Motion Panel's ruling that no process whatever accompanies a *sua sponte* order of removal. Reasonable people can disagree over whether *amici* are correct in urging a parallelism between §455 motions heard pursuant to Rule 21, and *sua sponte* action under §2106, but it is manifestly unreasonable for the City to argue that the mere act of seeking a fair process that enables a District Judge to defend herself against charges of judicial misconduct is evidence of actual bias.

Respectfully submitted,


Burt Neuborne
(Counsel of Record for Proposed *Amici Curiae*)