UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

―――――――

August Term, 2013

(Decided: November 22, 2013)

Docket Nos. 13-3123-cv, 13-3088-cv

―――――――――――――――――――

Jaenean Ligon, et al.,
*Plaintiffs-Appellants,*

- v. -

City of New York, et al.,
*Defendants-Appellees.*

―――――――――――――――――――

David Floyd, et al.,
*Plaintiffs-Appellees,*

- v. -

City of New York,
*Defendant-Appellant,*

Sergeants Benevolent Association,
*Proposed Intervenor-Appellant,*

New York City Police Officer
Rodriguez, in his official capacity, et al.,
*Defendants.*

―――――――――――――――――――

Before: WALKER, CABRANES, AND PARKER, *Circuit Judges*

―――――――――――――――――――

Alex B. Karteron, Christopher Thomas Dunn, Daniel Mullkoff, New York Civil Liberties Union, New York, NY; Juan Cartagena, Roberto Concepcion, Jr., Latino Justice, New York, NY; Michael Grunfel, John A. Nathanson, Jeffrey J. Resetarits, Sherman & Stearling LLP, New York, NY; Mariana Louise Kovel,

The Bronx Defenders, New York, NY; J. McGregor Smyth, New York Lawyers for the Public Interest, New York NY, *for Jaenean Ligon, et al.*

Darius Charney, Sunita Patel, Center for Constitutional Rights, New York, NY; Jennifer Rolnick Borchetta, Jonathan Clifford Moore, Beldock Levine & Hoffman LLP, New York, NY; Eric Hellerman, Kasey Lynn Martini, Covington & Burling LLP, New York, NY, *for David Floyd, et al.*

Celeste L. Koeleveld, Deborah A. Brenner, Michael A. Cardozo, Kathy H. Chang, Heidi Grossman, Fay Sue Ng, New York City Law Department, New York, NY, *for City of New York, et al.*

Anthony P. Coles, Courtney Gilligan Saleski, DLA Piper, Philadelphia, PA, New York, NY, *for Sergeants Benevolent Association*.

Burt Neuborne, New York, NY, *for Shira A. Scheindlin*.

PER CURIAM:

Pending before the Court are four motions. The first two, filed by Appellant City of New York (the "City"), seek "modifi[cation] of the Stay Order dated October 31, 2013 to the extent of vacating" the orders of the District Court dated February 14, 2013 and August 12, 2013. *Ligon v. City of New York*, No. 13-3123, Dkt. 190; *Floyd v. City of New York*, No. 13-3088, Dkt. 265.

The City's motions, filed on November 9, 2013, were submitted without the benefit of the legal analysis provided by the Court's two opinions of November 13, 2013, *In re Motion of District Judge*, --- F.3d ----, Nos. 13-3123, 13-3088 (2d Cir. Nov. 13, 2013), and *In re Reassignment of Cases*, --- F.3d ----, Nos. 13-3123, 13-3088 (2d Cir. Nov. 13, 2013), which superseded the Court's order of October 31, 2013, and therefore, we **DENY** the City's motions, without prejudice to consideration as part of the appeal on the merits, or any application to us for a return of the cases to the District Court for the purpose of exploring a resolution.

The third and fourth motions were filed on November 13, 2013, by Burt Neuborne, who had previously sought leave to appear as counsel for Judge Scheindlin or as *amicus curiae* on her behalf, *see Floyd v. City of New York*, No. 13-3088, Dkt. 263; *Ligon v. City of New York*, No. 13-3123, Dkt. 187. These two motions request leave to move for, among other things, an order denying on the merits the City's motions to vacate. *See* Request for Leave to Submit Response to Motion Filed by City of New York to Vacate ("*Ligon* Mot."), No. 13-3123, Dkt. 207; Request for Leave to Submit Response to Motion Filed by City of New York to Vacate ("*Floyd* Mot."), No. 13-3088, Dkt. 299.

In one of the Court's *per curiam* opinions of November 13, 2013, *In re Motion of District Judge*, we denied Judge Scheindlin's request to appear in this Court as lacking a procedural basis, and we need not revisit that issue. We now **DENY** these additional motions of Judge Scheindlin, which seek leave to oppose the City's motions, both for the reasons we stated earlier, *see In re Motion of District Judge*, --- F.3d ----, Nos. 13-3123, 13-3088 (2d Cir. Nov. 13, 2013), and because they are moot in light of our denial of the City's motions that she seeks to oppose.

We are, however, prompted to address several characterizations of fact contained in Mr. Neuborne's submissions to the Court. In one of these motions, he asserts that "[i]t now appears that the Motion Panel did not have access to the [December 21, 2007] transcript" of proceedings in *Daniels v. City of New York*, No. 99-1695, when it considered and entered its October 31, 2013 order, because "[u]pon information and belief, the transcript was not part of the record in the *Daniels* case." *Ligon* Mot. ¶ 13. The motion further alleges that "[i]n the absence of the actual transcript, the Motion Panel relied [on] an inaccurate press report of the colloquy as the principal basis for its *sua sponte* decision to order the prospective removal of the District Judge."

3

*Id.* ¶ 14. In his other motion, Mr. Neuborne reiterates his contention that "it is unclear whether the Motion Panel had access to an actual transcript of the colloquy." *Floyd* Mot. ¶ 14.

These assertions have been echoed by other movants in this case. *See, e.g.*, Br. of *Amici Curiae* Six Retired United States District Court Judges and Thirteen Professors of Legal Ethics, *Ligon v. City of New York*, No. 13-3123, Dkt. 221, *Floyd v. City of New York*, No. 13-3088, Dkt. 313, at 14 ("[I]n describing the colloquy with counsel concerning the related case doctrine on which the Panel's ruling rested, the Court relied on an inaccurate press account. *Amici* understand that the colloquy was not available to the Panel at the time it ruled on October 31, 2013.").

A review of the record of the Court of Appeals, and of the October 29, 2013 extended oral argument in these cases, will reveal that the panel members had the transcript of the December 21, 2007 proceeding in front of them during the hearing, and that they asked questions in open court regarding its substance. For example, during the oral argument, one member of the panel twice referred to the proceedings in detail, and clearly noted that he was quoting from page 42 of the December 21, 2007 transcript. Our October 31, 2013 order specifically cited the transcript by caption, docket number, and date, and it included quotations that had not been reported in the *New York Times* article that was cited, or in any other public news report known to the panel.

In sum, the panel was in full possession of the relevant facts, including the transcript of December 21, 2007, when it issued its orders of October 31, 2013, and November 13, 2013. Any suggestion to the contrary is unfounded.

## CONCLUSION

For the foregoing reasons, we **DENY** the motions of appellant City of New York, seeking to modify the Court's stay order of October 31, 2013 to include vacatur of the District Court's February 14, 2013 order in *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), and August 12, 2013 orders in *Floyd v. City of New York,* --- F. Supp. 2d ----, No. 08-cv-1034, 2013 WL 4046209 (S.D.N.Y. Aug. 12, 2013); --- F. Supp. 2d ----, No. 08-cv-1034, 2013 WL 4046217 (S.D.N.Y. Aug. 12, 2013) without prejudice (as indicated above). We also **DENY** the November 13, 2013 motions by counsel for Judge Scheindlin to appear in order to oppose the City's motions for modification, for the reasons stated in *In re Motion of District Judge*, --- F.3d ----, Nos. 13-3123, 13-3088 (2d Cir. Nov. 13, 2013), and, because in any event, they are moot.