

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Anthony P. Coles
anthony.coles@dlapiper.com
T   212.335.4844
F   212.884.8644

December 31, 2013
VIA ECF

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    Floyd v. City of New York, No. 13-3088

Dear Ms. Wolfe:

I write on behalf of Proposed Intervenor the Sergeants Benevolent Association (the "SBA") to advise the Court of the SBA's position concerning recent developments in its appeal of Judge Scheindlin's Orders dated August 12, 2013 in *Floyd v. City of New York*, S.D.N.Y., No. 09 Civ. 1034.  As discussed below, it is clear that Mayor-Elect Bill de Blasio intends to drop the City's appeal in this matter.  As a result and for the reasons below and stated in the SBA's Motion to Intervene, the SBA respectfully requests that this Court grant its pending Motion to Intervene before granting any request by the City to dismiss this appeal.

The SBA first timely moved to intervene in this matter at the district court level, and simultaneously filed a timely Notice of Appeal.  *See Floyd* Docket Nos. 387, 388.  On November 12, 2013, after this Court issued a stay of all proceedings in the district court, the SBA promptly moved to intervene directly in these appellate proceedings.  *See* Docket No. 283.  That motion has been fully briefed since December 5, 2013.  *See* Docket No. 344.  Thus, at all times, the SBA has timely preserved its right to participate in this appeal.  And as laid out in those filings, the SBA meets the criteria for mandatory and permissive intervention in this matter.

On November 25, 2013, this Court issued an Order that the SBA's motion as well as that of the other Police Intervenors, which was filed on November 7, 2012) be "held in abeyance pending further order of the court."  *See* Docket No. 338.  The purpose of that Order, as this Court stated, was "[t]o maintain and facilitate the possibility that the parties might request the opportunity to return to the District Court for the purpose of exploring a resolution."  *Id.*

On December 29, 2013, at a press conference to introduce Zachary W. Carter, the newly appointed Corporation Counsel for the City, Mayor-Elect Bill de Blasio stated, "We will drop the appeal on the stop-and-frisk case, because we think the judge was right about the reforms that we need to make."  Annie Correal, *De Blasio Names City's Top Lawyer, Appearing to Signal a Further Shift in Policy*, N.Y. Times, Dec. 29, 2013.  Mr. de Blasio's statements indicate without qualification that there will be no exploration of a resolution of this matter once he takes office.  Rather, the City will voluntarily dismiss this appeal, potentially leaving no party in the position of appellant and effectively discontinuing these proceedings.



Catherine O'Hagan Wolfe
December 31, 2013
Page Two

As the SBA laid out in its Motion to Intervene, Mr. de Blasio previously made public statements that he would not pursue this appeal if elected Mayor. As the SBA explained, it is necessary for the SBA to be granted intervenor status to ensure that the rights of its police sergeant members to challenge the lower court's erroneous decisions—and defend themselves against the individual accusations contained therein—will not be extinguished. *See* Docket No. 283 at 6-7, 8, 11, 17. Even at that time, it was clear that the City would likely abandon the appeal under Mr. de Blasio's direction, given that, in his capacity as Public Advocate for the City, he filed a brief supporting the Appellees' opposition to the City's motion for a stay. *See* Docket No. 175.

The City's abandonment of this appeal makes the SBA's intervention in this matter particularly appropriate because no party will adequately represent its interests. Courts have permitted post-judgment intervention on appeal when an existing party chose not to pursue the appeal. *Acree v. Iraq*, 370 F.3d 41, 49-50 (D.C. Cir. 2004) ("Post-judgment intervention is often permitted . . . where the prospective intervenor's interest did not arise until the appellate stage. . . . In particular, courts often grant post-judgment motions to intervene where no existing party chooses to appeal the judgment of the trial court[.]"); *see Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001) (permitting intervention on appeal when proposed intervenor's interest did not crystallize until after government party decided not to pursue appeal); *Yniguez v. Arizona*, 939 F.2d 727, 737 (9th Cir. 1991) ("[N]o representation constitutes inadequate representation."). Courts have also specifically permitted police unions to intervene in matters on appeal when the outcome could affect their collective bargaining rights. S*ee, e.g., United States v. City of Los Angeles*, 288 F.3d 391, 399-400 (9th Cir. 2002) ("The Police League has state-law rights to negotiate about the terms and conditions of its members' employment as LAPD officers and to rely on the collective bargaining agreement that is a result of those negotiations. . . . These rights give it an interest in the consent decree at issue.").

Accordingly, for these reasons and the reasons stated in its motion papers, the SBA respectfully requests that this Court grant its pending Motion to Intervene and permit the SBA to file its opening brief on January 24, 2013, as set forth in the Mandate dated October 31, 2013. *See* Docket No. 247. The SBA also joins in the request submitted by the other Police Intervenors in their letter dated December 30, 2013, *see* Docket No. 446, for rulings on the other Police Intervenors' pending motions to intervene.



Catherine O'Hagan Wolfe
December 31, 2013
Page Three


Very truly yours,

**DLA Piper LLP (US)**

/s/

Anthony P. Coles
Partner

Admitted to practice in New York

APC