## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone:  212-857-8500**

### MOTION INFORMATION STATEMENT

**Docket Number(s):** _____     Caption [use short title] _____

**Motion for:** _____

_____

_____

Set forth below precise, complete statement of relief sought:

_____

_____

_____

_____

_____

_____

**MOVING PARTY:** _____     **OPPOSING PARTY:** _____

☐ Plaintiff          ☐ Defendant          `*see attached page for additional counsel.`

☐ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** _____     **OPPOSING ATTORNEY**: _____

[name of attorney, with firm, address, phone number and e-mail]

_____     _____

_____     _____

_____     _____

Court-Judge/Agency appealed from: _____

**Please check appropriate boxes:**

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):

Has request for relief been made below?     ☐ Yes   ☐ No

☐ Yes  ☐ No (explain):_____

Has this relief been previously sought in this Court?     ☐ Yes   ☐ No

Requested return date and explanation of emergency:_____

Opposing counsel's position on motion: *

☐ Unopposed  ☐ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:

☐ Yes  ☐ No  ☐ Don't Know

`* plaintiffs are unopposed as indicated`
`see attached for additional information`

Is oral argument on motion requested?     ☐ Yes   ☐ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?     ☐ Yes   ☐ No  If yes, enter date:_____

**Signature of Moving Attorney:**

_____**Date:** _____     Service by:  ☐ CM/ECF     ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

<u>Opposing Party, Continued</u>
Sergeants Benevolent Association ("SBA")

<u>Opposing Counsel, Continued</u>
Anthony P. Coles
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
212-335-4500
Anthony.coles@dlapiper.com

The SBA is not a party, and has now been denied intervenor status by the District Court.  Nevertheless, counsel for SBA has informed us that SBA does not consent to the requested relief.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
− − − − − − − − − − − − − − − − − − − − − − − − − − X
DAVID FLOYD, individually and on behalf of all
others similarly situated, *et al.*,

                          Plaintiffs-Appellees,

        -against-

THE CITY OF NEW YORK,

                        Defendant-Appellant,

NEW YORK CITY POLICE OFFICER
RODGRIGUEZ, *et al.*,

                        Defendants.

− − − − − − − − − − − − − − − − − − − − − − − − − − X
JAENEAN LIGON, , individually and on behalf of
her minor son, J.G., Jacqueline Yates, individually
and on behalf of a class of all others similarly
situated, *et al.*,

                        Plaintiffs-Appellees,

        -against-

THE CITY OF NEW YORK, *et al.*,

                        Defendants-Appellants.

− − − − − − − − − − − − − − − − − − − − − − − − − − X

**DECLARATION IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS THE APPEALS**

**Docket No. 13-3088**

**Docket No. 13-3123**

     **DEBORAH A. BRENNER** declares under penalty of perjury, pursuant to

28 U.S.C. § 1746, that the following is true and correct:

     1.      I am a Senior Counsel in the office of Zachary W. Carter, Corporation

Counsel of the City of New York, attorney for defendants-appellants the City of

New York, et al. ("the City") in the above-captioned appeals.  I submit this declaration in support of the City's motion for an order: (a) marking the above-captioned City's appeals in both *Floyd* and *Ligon* voluntarily dismissed with prejudice, pursuant to Federal Rules of Appellate Procedure ("FRAP") 42(b); and (b) expediting the issuance of a mandate to that effect in each case.  All plaintiffs in each case have consented to and support the relief requested in this motion.

2.      The City seeks voluntary dismissal with prejudice pursuant to Rule 42(b).  The City proceeds by motion rather than stipulation to address the unusual aspects of these cases, including a stay that is in effect as well as a pending notice of appeal filed by a non-party.  The parties are unified in the belief that the City is entitled to withdraw its appeal as a matter of course, that such a withdrawal dissolves the stay by its terms, and that the non-party notice of appeal should be administratively closed.

### Procedural History

3.      The City's appeal in *Floyd* is taken from a remedial order of the United States District Court for the Southern District (Scheindlin, U.S.D.J.) entered August 12, 2013 ("Remedies Order"), setting forth a comprehensive and consultative process to reform the stop-and-frisk practices of the New York City Police Department ("NYPD").  The City's appeal also brings up for review a liability order of the same Court and date ("Liability Order"), finding those

practices to violate the Fourth and Fourteenth Amendments of the United States Constitution.

4.    The City's appeal in *Ligon* is also taken from portions of the Remedies Order, and brings up for review a preliminary injunction entered by the same Court on January 8, 2013 and amended on February 14, 2013, finding the NYPD's stop-and-frisk activity associated with its Trespass Affidavit Program to be similarly unconstitutional.

5.    By order dated October 31, 2013, this Court stayed all aforementioned orders "pending disposition of the [City's] appeals," for reasons clarified in a later decision and order dated November 13, 2014.

6.    After the City perfected its appeals, by order dated February 21, 2014, this Court granted a limited remand of these matters for the purpose of permitting the District Court and the parties to explore the possibility of settlement, and allowed the District Court to supervise "settlement discussions among such concerned or interested parties as the District Court deem[ed] appropriate."

7.    In the same order, this Court directed the District Court to resolve the motion to intervene previously filed in the District Court by the Sergeant's Benevolent Association ("SBA"), as well as a similar motion filed by the Patrolmen's Benevolent Association, the Detective's Endowment Association, the Lieutenant's Benevolent Association, and the Captains' Endowment Association

(collectively, the "Unions"). This Court held in abeyance motions filed by the Unions to intervene at the appellate level, reasoning that it was "preferable that the motions be addressed [by the District Court] in the first instance."

8.    Following the limited remand, on July 30, 2014, the District Court (Torres, USDJ), denied the Unions' respective motions to intervene. In relevant part, the Court found that the Unions' motions were "untimely," that each of the Unions lacked "a significant protectable interest in the subject matter of the litigation that would warrant intervention," and that even if their interests were cognizable, the Unions "lack[ed] standing to vindicate those interests on appeal" (*Floyd* SDNY ECF #465; *Ligon* SDNY ECF #197).

9.    On the same date, the District Court modified the Remedies Order to reflect an agreement reached between the City and the *Floyd* and *Ligon* Plaintiffs regarding the duration of the court-appointed monitor provided for in the Remedies Order (*Floyd* SDNY ECF #466, *Ligon* SDNY ECF #198). The Court denied the Unions' request to participate in the settlement discussions as academic, noting that the Remedies Order already granted them the status of stakeholders, with the right to participate in the consultative remedial process.

4

**Voluntary Dismissal**

10.    The parties to these appeals have now reached an agreement that resolves all the issues raised by the City's appeals in both *Floyd* and *Ligon,* and clears the way for the parties to begin the anticipated remedial process.

11.    Thus, the City respectfully requests, with the consent of all plaintiffs, that its appeals, Docket Nos. 13-3088 and 13-3123, be marked voluntarily dismissed with prejudice pursuant to FRAP 42(b).  The City further requests, also with the consent of all plaintiffs, that the Court direct the expedited issuance of the mandate in each case, such that jurisdiction over these matters will be fully restored to the District Court and the stay previously entered will be extinguished.

12.    We note that one of the Unions, the SBA, has filed a notice of appeal in *Floyd*, administratively docketed in this Court with a separate docket number as Docket No. 13-3461. Because the SBA is not a party to the case, and indeed has now been denied intervention by the District Court, its notice of appeal is not effective at this time.[1] We therefore submit that Docket No. 13-3461 should be marked off the Court's docket, which, of course, would not affect SBA's ability to appeal the District Court's denial of intervention.

---

[1]    *See Drywall Tapers & Pointers, Local Union 1974 of I.U.P.A.T. v. Nastasi & Assoc*s., 488 F.3d 88, 95 (2d Cir. 2007).

13.    In all events, the City, with the consent of all plaintiffs, respectfully requests that the Court mark each of the City's appeals voluntarily dismissed with prejudice, and direct the expedited issuance of the mandates, thereby dissolving, in each case, the stay pending appeal.  The parties also ask that the Court direct the District Court to resolve any claims for costs or attorneys' fees associated with these  appeals.

Dated:    New York, New York
          August 6, 2014

                         ZACHARY W. CARTER
                         Corporation Counsel of the
                           City of New York
                         Attorney for Defendants-Appellants.

                         By: _____
                              DEBORAH A. BRENNER
                              Senior Counsel

Docket No. 13-3088-cv; 13-3123-cv

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

DAVID FLOYD et al.

v.

CITY OF NEW YORK

------------------------------------------------

JAENEAN LIGON et al.

v.

CITY OF NEW YORK

**MOTION TO VOLUNTARILY
DISMISS THE APPEALS**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants-Appellants*
*100 Church Street*
*New York, N.Y. 10007*
*Tel: (212) 356-2500 or 0826*