IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---------------------------------- X
DAVID FLOYD, et al.,　　　　　　　　:

　　　　Plaintiffs-Appellees,　　　:
　　　　　　　　　　　　　　　　　　　Docket No. 13-3088
　-against-
　　　　　　　　　　　　　　　　　:
CITY OF NEW YORK, et al.,
　　　　　　　　　　　　　　　　　:
　　　　Defendants-Appellants.
---------------------------------- X


**MEMORANDUM OF LAW OF SERGEANTS BENEVOLENT
ASSOCIATION IN OPPOSITION TO THE CITY OF NEW YORK'S
<u>MOTION FOR VOLUNTARY DISMISSAL</u>**


　　　　　　　　　　　　　　　　　ANTHONY P. COLES
　　　　　　　　　　　　　　　　　COURTNEY G. SALESKI
　　　　　　　　　　　　　　　　　DLA PIPER LLP (US)
　　　　　　　　　　　　　　　　　1251 Avenue of the Americas
　　　　　　　　　　　　　　　　　New York, New York 10020
　　　　　　　　　　　　　　　　　(212) 335-4500

## TABLE OF CONTENTS

                                                **Page**

BACKGROUND ............................................................................................... 2

ARGUMENT ................................................................................................... 6

I.    THE APPEAL OF THE DISTRICT COURT'S OPINIONS IS MERITORIOUS AND SHOULD BE PROSECUTED. ................................ 7

II.   THE SBA HAS MET THE STANDARDS FOR INTERVENTION IN THIS APPEAL. .................................................................................. 11

CONCLUSION .............................................................................................. 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Acree v. Iraq*,
　370 F.3d 41 (D.C. Cir. 2004) ................................................................................11

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ..............................................................................................10

*Bd. of County Comm'rs v. Brown*,
　520 U.S. 397 (1997) ..............................................................................................11

*City of Los Angeles v. Lyons*,
　461 U.S. 95 (1983) ..............................................................................................7, 8

*Connick v. Thompson*,
　131 S. Ct. 1350 (2011) .........................................................................................10

*Floyd v. City of New York*,
　No. 09 Civ. 1034, S.D.N.Y. ...........................................................................passim

*Ligon v. City of New York*,
　No. 13-3123, 2d Cir. ...............................................................................................4

*Liljeberg v. Health Servs. Acquisition Corp.*,
　486 U.S. 847 (1988) ................................................................................................8

*Monell v. N.Y. City Dep't of Social Servs.*,
　436 U.S. 658 (1978) ..............................................................................................10

*Ruggiero v. Krzeminski*,
　928 F.2d 558 (2d Cir. 1991) ...................................................................................8

*Smoke v. Norton*,
　252 F.3d 468 (D.C. Cir. 2001) ..............................................................................12

*United States v. City of Los Angeles*,
　288 F.3d 391 (9th Cir. 2002) ................................................................................12

*Wal-Mart Stores, Inc. v. Dukes*,
　131 S. Ct. 2541 (2011) ............................................................................................8

*Yniguez v. Arizona*,
　939 F.2d 727 (9th Cir. 1991) ..................................................................12

**STATUTES**

2d Cir. R. 2 ............................................................................................2, 6, 7, 15

28 U.S.C. § 455(a) ..............................................................................................8

42 U.S.C. § 1983 .................................................................................................8

Fed. R. App. P. 2 ...............................................................................2, 6, 7, 15

Fed. R. App. P. 42(b) ......................................................................................1, 2

Fed. R. Civ. P. 24(a),(b) ...................................................................................11

N.Y. City Admin. Code § 12-307(6)b .............................................................13

**OTHER AUTHORITIES**

Kate Taylor and Joseph Goldstein, *Despite Stance, de Blasio, if Elected,
　Could Find a Police Monitor Intrusive*, N.Y. Times, Nov. 1, 2013 .....................3

Michael Barbaro, *Luck and a Shrewd Strategy Fueled de Blasio's Ascension*,
　N.Y. Times, Sept. 10, 2013 ...............................................................................3

Annie Correal, *De Blasio Names City's Top Lawyer, Appearing to Signal a
　Further Shift in Policy*, N.Y. Times, Dec. 29, 2013 .........................................3

Proposed Intervenor the Sergeants Benevolent Association (the "SBA") submits this memorandum of law in opposition to the Motion of Appellant, the City of New York (the "City"), for voluntary dismissal of this appeal with prejudice pursuant to Federal Rule of Appellate Procedure 42(b). Rather than prosecute this appeal, the City has agreed to concede liability on behalf of the New York Police Department (the "NYPD") and its officers, including SBA members, as found by the District Court; to implement the remedies ordered by the District Court with a nominal alteration to the duration of the court-appointed monitor (*Floyd* Dkt. No. 466); and to relinquish any right to challenge the District Judge's rulings on appeal. The City seeks to abandon the appeal, in favor of leaving in force the two grossly flawed Opinions—the preordained end result of trial proceedings that were tainted from start to finish by the appearance of partiality by the District Judge on behalf of Plaintiffs—in a case where the plaintiffs lacked standing to seek injunctive relief.

The SBA should be permitted to intervene and continue this appeal now that the City has formally sought to abandon it. As set forth in the SBA's moving papers on its Motion to Intervene (Dkt. No. 283), the SBA meets the requirements for mandatory and permissive intervention in this appeal. Should the Court allow the SBA's intervention as an appellant in this matter, the SBA would not agree to

voluntary dismissal pursuant to Federal Rule of Appellate Procedure 42(b) and would continue to prosecute the appeal.

In the alternative, the SBA requests that this Court, pursuant to Rule 2 of the Federal Rules of Appellate Procedure and Local Rule 2 of the Court of Appeals for the Second Circuit, expedite the SBA's appeal of the denial of its Motion to Intervene in the District Court and allow the stay of the District Court proceedings to remain in place pending the outcome of that appeal and the related proceedings.

## BACKGROUND

On August 12, 2013, the District Court issued a Liability Opinion and a Remedies Opinion (collectively, the "Opinions"), and associated Orders, in the underlying matter, *Floyd v. City of New York*, S.D.N.Y., No. 09 Civ. 1034 ("*Floyd*"), regarding the claims of Plaintiffs-Appellees ("Plaintiffs") that they and similarly situated individuals were subjected to "stop, question, and frisk" encounters initiated by NYPD officers that violated the Fourth and Fourteenth Amendments of the United States Constitution.  Those decisions were wrong.  The District Court misconstrued applicable burdens of proof, misapplied Fourth Amendment jurisprudence, applied a Fourteenth Amendment theory that Plaintiffs never even presented, and accepted evidence that was insufficient as a matter of fact and law to prove Plaintiffs' claims.

Following the issuance of the two Opinions, on August 16, 2013, the City filed a Notice of Appeal of the Opinions, thereby initiating the instant proceedings in this Court. (*See* Dkt. No. 379.) The Notice of Appeal was filed by the Bloomberg administration, which was nearing the end of its final term.

At and around the same time, then-mayoral-candidate Bill de Blasio engaged in "a relentless critique of the [NYPD's] stop-and-frisk tactics."[1] He promised that he would drop the City's appeal of the Opinions "on Day 1" of his administration.[2] Candidate de Blasio also filed papers in this Court in his capacity as Public Advocate in support of Plaintiffs and in opposition to the City's motion to stay the remedial proceedings in the District Court. (*See* Dkt. Nos. 175, 205.) After Mr. de Blasio was elected Mayor of the City, he stated unequivocally, "We will drop the appeal on the stop-and-frisk case, because we think the judge was right about the reforms that we need to make."[3]

The SBA has at all times preserved its right to participate in this appeal. The SBA first timely moved to intervene in this matter in the District Court, and simultaneously filed with this Court a timely Notice of Appeal. (*Floyd* Dkt. Nos. 387, 388; Dkt. No. 52.) On November 12, 2013, after this Court issued a stay of

---

[1] Michael Barbaro, *Luck and a Shrewd Strategy Fueled de Blasio's Ascension*, N.Y. Times, Sept. 10, 2013.
[2] *See* Kate Taylor and Joseph Goldstein, *Despite Stance, de Blasio, if Elected, Could Find a Police Monitor Intrusive*, N.Y. Times, Nov. 1, 2013.
[3] Annie Correal, *De Blasio Names City's Top Lawyer, Appearing to Signal a Further Shift in Policy*, N.Y. Times, Dec. 29, 2013 (quoting Mayor de Blasio's statements at press conference to introduce new City Corporation Counsel).

all proceedings in the District Court, the SBA promptly moved to intervene directly in these appellate proceedings. (Dkt. No. 283.)

On November 25, 2013, this Court issued an Order that the SBA's motion (as well as that of other police union intervenors), which was filed on November 7, 2012, be "held in abeyance pending further order of the court." (Dkt. No. 338.) The purpose of that Order, as this Court stated, was "[t]o maintain and facilitate the possibility that the parties might request the opportunity to return to the District Court for the purpose of exploring a resolution." (*Id.*)

On January 30, 2014, the City, under Mayor de Blasio's administration, filed the instant motion seeking "a limited remand for the purpose of exploring a resolution." (Dkt. No. 459.) On February 21, 2014, this Court issued a Mandate granting the City's motion and ordering "a limited remand to the District Court for the purpose of exploring a resolution to" this matter and a related matter, *Ligon v. City of New York*, No. 13-3123, 2d Cir. (Dkt. No. 479 at 2.) The Mandate provided for a remand period of 45 days, during which the City and the *Floyd* Plaintiffs were to explore a resolution of Plaintiffs' claims. (*Id.* at 8.)

The Mandate also recognized that "the proposed intervenors [the SBA and several other police unions] moved to intervene in the District Court. Those motions have not been adjudicated." (*Id.* at 7.) This Court further stated that it is "preferable that the motions be addressed [in the District Court] in the first

instance, particularly because the appropriateness of intervention and the form it takes could well bear on settlement negotiations." (*Id.* at 7-8.)  Accordingly, the Mandate expressly provided that the limited remand is "for the purpose of supervising settlement discussions among such concerned or interested parties as the District Court deems appropriate, *and resolving the motions to intervene*." (*Id.* at 8-9 (emphasis added).)  Pursuant to the Mandate, this Court retained jurisdiction over this matter for all other purposes—including the SBA's Motion to Intervene pending with this Court—and briefing and other appellate proceedings were merely stayed pending the outcome of proceedings in the District Court. (*Id.* at 8-9.)

On April 3, 2014, the City and Plaintiffs filed jointly with the District Court a Motion for Modification of the Remedial Order (the "Modification Motion"). *Floyd* Dkt. No. 458-59.  On April 11, 2014, the SBA opposed the Modification Motion, and requested that the District Court decide the pending motions to intervene before resolving the Modification Motion. *Floyd* Dkt. No. 461.

On July 30, 2014, the District Court issued an Opinion and Order denying both the SBA's and the other police unions' motions to intervene, and granting the Modification Motion. *Floyd* Dkt. No. 465-66.  The result is that the Remedies Order is now modified to include certain nominal changes agreed upon by the City and Plaintiffs, the Liability Opinion remains in place in its original form, and the

SBA effectively has been shut out of the District Court proceedings.  *Id.*  The SBA has filed a Notice of Appeal in the District Court seeking review of that Court's denial of its motion to intervene.  *Floyd* Dkt. No. 469.

## ARGUMENT

This Court should grant the SBA's pending Motion to Intervene (Dkt. No. 283) and refuse to dismiss the appeal.  The SBA should be made a party to this appeal, as requested in its Motion to Intervene in this Court, to enable this Court to engage in a full review of the Opinions on the merits.  The SBA has been and remains ready, willing, and able to submit briefing and prosecute this appeal to a final conclusion.  The SBA's members, who were among the most harshly criticized individual NYPD officers mentioned in the Opinions and whose collective bargaining rights will be affected by the imposition of the remedies outlined, deserve the opportunity to defend and vindicate themselves through this appeal and have met the standard for intervention.  In the alternative, the SBA respectfully requests that this Court expedite the SBA's appeal of the District Court's denial of the SBA's motion to intervene before the District Court,[4] as authorized under Federal Rule of Appellate Procedure 2 and Local Rule 2 of the

---

[4] The SBA filed a Notice of Appeal of the District Court's denial of its motion to intervene on August 7, 2014. *Floyd* Dkt. No. 469.

Court of Appeals for the Second Circuit, and allow the stay to remain in place pending the resolution of that appeal and the related proceedings.[5]

## I. The Appeal of the District Court's Opinions is Meritorious and Should be Prosecuted.

The Opinions should not be permitted to stand. The District Court failed at almost every turn in this litigation, including its decision at the outset to direct the plaintiffs' attorney to mark the case as related to one of the District Judge's cases (which was no longer pending), its incorrect certification of the class, and its final Opinions, which are erroneous in numerous respects.

First, as a threshold matter, Plaintiffs lacked standing to seek injunctive relief in this case. The harm they alleged—constitutional violations in past encounters with NYPD officers—did not establish a realistic threat that any such violations would occur again in the future. Like in *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-07 (1983), Plaintiffs here failed to show that they would "likely [ ] suffer future injury from" the law enforcement technique at issue. *Id*. at 105. The fact that the plaintiff in *Lyons* and the Plaintiffs here allegedly suffered prior illegal law enforcement action "does nothing to establish a real and immediate threat" that they would be subject to that technique again. *Id.* Therefore,

---

[5] "[O]n its own or a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b)." Fed. R. App. P. 2; 2d Cir. R. 2.

Plaintiffs' request for injunctive relief did not present a case or controversy under Article III of the United States Constitution. *Lyons*, 461 U.S. at 105-07.

Second, the Opinion violates due process because the District Judge's conduct before, during, and after trial created an appearance of partiality. In failing to recuse herself, the District Judge violated 28 U.S.C. § 455(a), which warrants vacatur or reversal of the Opinions. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862 (1988).

Third, the District Court erred in certifying this matter as a class action because Plaintiffs' entire case rested on claims that are highly individualized and impossible to resolve en masse. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (holding that a question allegedly common to a class must be such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke").

Fourth, the District Court issued two remarkably flawed Opinions. For example, in the Liability Opinion, the District Court improperly allocated the burden of proof under 42 U.S.C. § 1983 by forcing the City to establish the constitutionality of over four million stops, rather than requiring Plaintiffs to establish their unconstitutionality. *Compare Ruggiero v. Krzeminski*, 928 F.2d 558, 563 (2d Cir. 1991) (holding that allocating burden of proof to plaintiff in Section 1983 action is "in accordance with established principles governing civil

trials") *with* Liability Op. 54 ("The City failed to establish that a significant number of the approximately 3.9 million stops that resulted in no further enforcement action were stops of people who were about to commit, but were prevented from committing, a crime."). On the basis of this incorrect analysis, the District Court erroneously found that the City's police officers had violated the Fourth Amendment through a widespread practice of conducting stops without reasonable suspicion. (Liability Op. 180.) For almost all of the stops it reviewed, the District Court relied solely and improperly on UF-250 forms, which are filled out by individual officers after each "stop and frisk" procedure is carried out, and did not consider officer testimony and other factors to ascertain the totality of the circumstances for the stop or frisk in question. (Liability Op. 7, 117-77.) Moreover, the District Court made false assumptions when interpreting the data from those forms, such as assuming that the absence of narrative detail on the form meant that the police action was unconstitutional. (Liability Op. 8.)

Likewise, the District Court wrongly found that NYPD stop, question, and frisk practices violated the Fourteenth Amendment, based on its novel "indirect racial profiling" theory. (Liability Op. 61.) The District Court erroneously hinged that finding on the testimony of a *single* unnamed class member whose lack of credibility was established at trial. (Liability Op. 86-86.) Moreover, the District

Court's conclusion failed to recognize that the applicable law requires *intentional* discrimination.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009).

These erroneous findings were based on a purported statistical analysis by Plaintiffs' expert, Jeffrey Fagan, that failed to consider suspect description data, the most important driver of implementation of the stop, question, and frisk policy. (Liability Op. 63 n.207.)  In addition to the fact that this analysis did not fit the subclass that Plaintiffs themselves defined and that was certified, Plaintiffs did not dispute that members of minority groups were stopped in close correlation to criminal suspect description data culled from reports made by members of the public—*not* based on any stereotypes allegedly embraced by the City.  (Liability Op. 51.)  The District Court erred by disregarding suspect description data and relying on Fagan's flawed analysis.

The District Court also erred in subjecting the NYPD to liability based on purported deliberate indifference to its constitutional obligations pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). (Liability Op. 178-80.)  Plaintiffs failed to meet the "rigorous standards" required to establish such liability and the District Court committed an error of law in determining that the NYPD was deliberately indifferent to the constitutional rights of citizens in the City.  *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) ("Deliberate indifference is a *stringent* standard of fault, requiring proof that a

municipal actor disregarded a known or obvious consequence of his action." (emphasis added); *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 405 (1997) (citations omitted).

## II.  The SBA Has Met the Standards for Intervention in this Appeal.

As the SBA has explained in its briefing on its Motion to Intervene (Dkt. No. 283), the SBA satisfies all requirements for intervention under Federal Rules of Civil Procedure 24(a) and 24(b). Among the reasons why the SBA should be permitted to intervene are (1) that the Liability Opinion directly impugns members of the SBA, branding them unconstitutional actors and lawbreakers; and (2) that the injunction provided for in the Remedies Opinion has a direct impact on the collective bargaining interests of the SBA. The City's decision to acquiesce in both Opinions by opting not to challenge them on appeal harms the protectable interests of the SBA.

The City's abandonment of this appeal makes the SBA's intervention in this matter particularly appropriate because no existing party will adequately represent its interests. Courts have permitted post-judgment intervention on appeal when an existing party chose not to pursue the appeal. *Acree v. Iraq*, 370 F.3d 41, 49-50 (D.C. Cir. 2004) ("Post-judgment intervention is often permitted . . . where the prospective intervenor's interest did not arise until the appellate stage. . . .  In particular, courts often grant post-judgment motions to intervene where no existing

party chooses to appeal the judgment of the trial court[.]"); *see Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001) (permitting intervention on appeal when proposed intervenor's interest did not crystallize until after government party decided not to pursue appeal); *Yniguez v. Arizona*, 939 F.2d 727, 737 (9th Cir. 1991) ("[N]o representation constitutes inadequate representation."). Courts also have specifically permitted police unions to intervene in matters on appeal when the outcome could affect their collective bargaining rights. *See, e.g., United States v. City of Los Angeles*, 288 F.3d 391, 399-400 (9th Cir. 2002) ("The Police League has state-law rights to negotiate about the terms and conditions of its members' employment as LAPD officers and to rely on the collective bargaining agreement that is a result of those negotiations. . . . These rights give it an interest in the consent decree at issue.").

The SBA's members have been identified by name in the Liability Opinion and the District Court found that they violated the Constitution. (Liability Op. 72-74, 86-87, 90-91, 95-98, 125-26 n.463, 164, 142-43.) The District Court has articulated standards regarding the constitutionality of stops and frisks that are vague and will impact the day-to-day operations of the SBA's members. (Liability Op. 177-92; Remedies Op. 13-25.) These erroneous findings and rulings will go completely unchallenged if the SBA is not permitted to intervene.

Moreover, the Remedies Opinion affects SBA members' collective bargaining rights. The SBA is the exclusive collective bargaining representative for all NYPD sergeants. The reforms set forth in the Remedies Order (and now no longer challenged by the City) will impair the SBA's collective bargaining rights because they will have a significant practical impact on the terms and conditions of the SBA's members' employment. Among other things, the reforms impose an increased workload on sergeants, who will now be required to monitor more directly their subordinates' stops and documentation thereof. The reforms also will affect the safety of sergeants who frequently conduct stops themselves and now will be limited in their ability to protect themselves from dangerous situations involving weapons. Furthermore, the reforms entail the creation of new disciplinary procedures for officers who are found to have engaged in unconstitutional stops, which will affect sergeants both in the conduct of stops and in the supervision of subordinate officers who conduct stops.

Many of these reforms fall within the scope of collective bargaining as set forth in § 12-307(6)b of the New York City Collective Bargaining Law. N.Y. City Admin. Code § 12-307(6)b. The City is required to negotiate with the SBA regarding such reforms. The Remedies Order, as modified, includes no mechanism for the SBA to present its collective bargaining concerns to the Court or otherwise protect its rights. Thus, the SBA has a direct interest in appealing the

Remedies Order, since the reforms contemplated therein will impair its ability to negotiate its members' terms and conditions of employment.

The modifications the District Court has made to the Remedies Order at the request of the City and Plaintiffs only further impair the SBA's interest. The Remedies Order as modified provides that the federal monitor prescribed in the original Remedies Order will be appointed for a term of three years. But the modification also provides that, in order to remove the monitor after three years, the City must show "by a preponderance of the evidence at that time" that it is in "substantial compliance" with the extensive reforms contemplated by the Remedies Order. (Dkt. No. 457-1 ¶ 12.a.) The modification further provides that "[i]f the City fails to make such showing, the Monitor's position will continue[.]" In order to protect its collective bargaining rights and other rights, the SBA must be permitted to challenge this modification on appeal so that it may be revised to include a method for the SBA to have a role in aiding or disputing the City's "showing" of "substantial compliance." Because it has acquiesced completely to Plaintiffs to date, the City cannot be relied upon to represent the interests of the SBA in proceedings to determine the City's substantial compliance.

Accordingly, this Court should grant the SBA's Motion to Intervene in this matter. In the alternative, the SBA requests that this Court expedite the SBA's appeal of the denial of its Motion to Intervene in the District Court and allow the

stay of the District Court proceedings to remain in place pending the outcome of that appeal and related proceedings.

## CONCLUSION

For all of the above reasons, the SBA respectfully requests that the Court grant its Motion to Intervene and deny the instant Motion for Voluntarily Dismissal. In the alternative, the SBA respectfully requests that the Court, pursuant to Federal Rule of Appellate Procedure 2 and Local Rule 2 of the Court of Appeals for the Second Circuit, expedite the appeal of the denial of its Motion to Intervene in the District Court, and allow the stay of those proceedings to remain in place pending the outcome of that appeal and related proceedings.

Dated: New York, New York.
     August 8, 2014

Respectfully submitted,

DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
212.335.4500


By: /s/ Anthony P. Coles
    Anthony P. Coles
    Courtney G. Saleski
    Attorneys for Proposed Intervenor
    Sergeants Benevolent Association